MORGAN, LEWIS & BOCKIUS LLP
Kent M. Roger, Bar No. 095987
kent.roger@morganlewis.com
Brian C. Rocca, Bar No. 221576
brian.rocca@morganlewis.com
Sujal J. Shah, Bar No. 215230
sujal.shah@morganlewis.com
Minna Lo Naranjo, Bar No. 259005
minna.naranjo@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:  (415) 442-1000
Fax:  (415) 442-1001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIVA LIMOUSINE, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC; RASIER, LLC; RASIER-CA, LLC; UBER USA, LLC; and UATC, LLC,<br><br>Defendants. | Case No. 3:18-cv-05546-EMC<br><br>**DEFENDANTS' NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS**<br><br>Civil Local Rule 3-13<br><br>Complaint Filed:   September 10, 2018 |

In accordance with Civil Local Rule 3-13, Defendants provide notice to the Court of the following state court actions that involve "all or a material part of the same subject matter" and "substantially all of the same parties" as the instant action. *See* Civ. L.R. 3-13.

*Uber Technologies Pricing Cases;* **California Court of Appeal, First Appellate District, Division One, Case A154694**

This matter is the appeal of *Uber Technologies Pricing Cases*, Coordination Proceeding Special Title [Cal. Rules of Court, rule 3.550], Superior Court of the State of California, County of San Francisco, Case No. CJC-17-004925 (Hon. Curtis E. A. Karnow), which consists of the

following cases:

- *Friendly Cab Company, Inc. v. Uber Technologies, Inc.*, Superior Court of California, County of Alameda, Case No. RG17858247;
- *Eyad Ariekat v. Uber Technologies, Inc.*, Superior Court of California, County of San Francisco, Case No. CGC-17-557728; and
- *Yellow Cab Company Peninsula, Inc., et al., v. Uber Technologies, Inc.*, Superior Court of California, County of Santa Clara, Case No. 17CV308084.

Plaintiffs in these coordinated cases allege that Uber Technologies, Inc. violated the California Unfair Practices Act ("UPA") and the California Unfair Competition Law ("UCL") by engaging in unlawful below-cost pricing. The claims are substantively identical to the UPA claim brought by Plaintiff Diva Limousine—it too alleges Uber Technologies Inc. violated the UPA by engaging in below-cost pricing—on behalf of a putative class that may include some of the plaintiffs in the *Uber Technologies Pricing Cases*. The Hon. Curtis E.A. Karnow of the Complex Department, Superior Court for the County of San Francisco, sitting as coordination trial judge [Cal. Rules of Court, rule 3.540 et seq.], sustained Uber's demurrer to the complaints pursuant to California Business & Professions Code § 17024(1), which exempts Uber's services from the UPA as a matter of law. See <u>Exhibit A</u>, *Uber Technologies Pricing Cases*, No. CJC-17-004925 (3/2/2018 Judgment Of Dismissal In Favor Of Defendant, attaching 1/30/2018 Order Sustaining Demurrers With Leave To Amend), at 2 ("[T]he Unfair Practices Act (UPA) contains a prohibition on below-cost sales. But this does not apply '[t]o any service, article or product for which rates are established under the jurisdiction of the Public Utilities Commission of this State and sold or furnished by any public utility corporation….'").[1] The court entered judgment in Uber's favor on March 2, 2018.

---

[1] Another court in this district also dismissed UPA claims based on allegations of below-cost pricing against Uber in two matters filed by taxicab companies (also ostensibly members of the putative class alleged in this case). *See DeSoto Cab Company, Inc. d/b/a Flywheel Taxi v. Uber Technologies, Inc., et al.*, No. 3:16-cv-06385-JSW (N.D. Cal. filed 11/2/2016) (White, J.) ("*Flywheel*"), Dkt. No. 64 at 16-17 (dismissal with prejudice of UPA claim against Uber Technologies, Inc., Rasier-CA, LLC, Rasier, LLC and Uber USA, LLC under Cal. Bus. & Prof. Code § 17024(1)); *A White and Yellow Cab, Inc. v. Uber Technologies, Inc. et al.*, No. 4:15-cv-05163-JSW (N.D. Cal. filed 11/10/2015) (White, J.) ("*White and Yellow Cab*"), Dkt. No. 114 at 11-12 (dismissal with prejudice of UPA claim against Rasier-CA under Cal. Bus. & Prof. Code § 17024(1)). In *Flywheel*, Plaintiff has until November 21, 2018 to file an amended complaint (though any such amended complaint cannot include a UPA claim, because the court dismissed that claim with prejudice). *White and Yellow Cab* settled shortly after Judge White's motion to dismiss ruling and the matter has been closed.

As the Court is aware, a briefing schedule has been set for Defendants' motion to dismiss this action. Dkt. No. 51. In its forthcoming motion to dismiss, Uber will ask the Court to dismiss the instant action with prejudice. Defendants submit that any determination as to whether the instant action and the above-referenced state court proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action should be made after the resolution of their motion to dismiss.

Dated: November 2, 2018

      /s/ Brian C. Rocca
Brian C. Rocca
MORGAN, LEWIS & BOCKIUS LLP

*Attorneys for Defendants*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3     Case No. 3:18-cv-05546-EMC
DEFENDANTS' NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

# Exhibit A

MORGAN, LEWIS & BOCKIUS LLP
Kent M. Roger, Bar No. 095987
Brian C. Rocca, Bar No. 221576
Sujal J. Shah, Bar No. 215230
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001
kent.roger@morganlewis.com
brian.rocca@morganlewis.com
sujal.shah@morganlewis.com

Attorneys for Defendant, Uber Technologies, Inc.

FILED
San Francisco County Superior Court
MAR 2 - 2018
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**UBER TECHNOLOGIES PRICING CASES**<br><br>Included actions:<br><br>*Friendly Cab Company, Inc. v. Uber Technologies, Inc.* Superior Court of California, County of Alameda, Case No. RG17858247<br><br>*Eyad Ariekat v. Uber Technologies, Inc.,* Superior Court of California, County of San Francisco, Case No. CGC-17-557728<br><br>*Yellow Cab Company Peninsula, Inc., et al. v. Uber Technologies, Inc.,* Superior Court of California, County of Santa Clara, Case No. 17CV308084 | Case No. CJC-17-004925<br><br>**JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 4925**<br><br>[~~PROPOSED~~] **JUDGMENT OF DISMISSAL IN FAVOR OF DEFENDANT**<br><br>Judge: Hon. Curtis E. A. Karnow<br>Dept. 304<br><br>Action Filed: March 24, 2017 |

1    This coordinated proceeding includes three complaints against Defendant Uber
2    Technologies, Inc., each of which alleges causes of action under the Unfair Practices Act
3    (Business and Professions Code § 17043) and the Unfair Competition Law (Business and
4    Professions Code § 17200). Uber demurred to all three complaints and, after full briefing, the
5    Court heard oral argument on January 29, 2018.

6    On January 30, 2018, the Court issued an ORDER SUSTAINING DEMURRERS WITH
7    LEAVE TO AMEND, a copy of which is attached here as Exhibit A.

8    By letter dated February 13, 2018, counsel for Plaintiffs advised the Court that they would
9    not be filing amended complaints. A copy of the letter is attached here as Exhibit B.

10   Therefore, IT IS HEREBY ORDERED that:

11   1.   Each of the complaints in this coordinated proceeding is dismissed with
12        prejudice;
13   2.   Plaintiffs shall take nothing by way of their complaints; and
14   3.   Defendant shall recover its costs of suit in amounts to be determined.

16   IT IS SO ORDERED, ADJUDGED AND DECREED.

18   Dated: March 2, 2018                              _____
                                                       Judge of the Superior Court

EXHIBIT A

FILED
San Francisco County Superior
JAN 30 2018
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>**UBER TECHNOLOGIES PRICING CASES**<br><br>*This Document Applies To All Actions* | Judicial Council Coordination Proceeding No.: 4925<br><br>**ORDER SUSTAINING DEMURRERS WITH LEAVE TO AMEND** |

This coordinated proceeding includes three complaints against defendant Uber Technologies, Inc., each of which alleges that Uber engaged in unlawful predatory pricing in violation of the Unfair Practices Act and the Unfair Competition Law. B&P §§ 17200, 17043.[1]

Uber demurs to all three complaints, arguing that: (1) the claims are barred by statute; and (2) plaintiffs' allegations are not properly pled. Plaintiffs jointly oppose. I heard argument January 29, 2018.

**Requests for Judicial Notice**

Exhibits A-B: Denied. These are two permits issued by the PUC. They are noticeable as official executive acts. *See* Evid. Code § 452(c). The permits are offered to support the assertion that Uber is regulated by the California Public Utilities Commission (PUC). However, their relevance to support that assertion depends on the foundational assertion that Rasier-CA, LLC conducts all of Uber's operations that are challenged in the operative complaints. For that

---

[1] Unless otherwise noted, all further statutory references are to the Business & Professions Code.

foundational fact, the record consists only of Uber's assertion in its moving brief. Motion, 6:21-22. This assertion cannot be considered on demurrer. Thus the permits are not relevant.

Exhibit C: Granted. This is an appellate brief filed by the PUC. Uber has a colorable argument that the brief is relevant to demonstrate that the PUC has taken and defended the position that it has legal authority to regulate Uber's business. I consider the brief only for that limited purpose. Evid. Code § 452(d), (h).

**Discussion**

Among other things, the Unfair Practices Act (UPA) contains a prohibition on below-cost sales. But this does not apply "[t]o any service, article or product for which rates are established under the jurisdiction of the Public Utilities Commission of this State and sold or furnished by any public utility corporation, or installation and repair services rendered in connection with any services, articles or products." Section 17024 (1).

Uber contends it is covered by this exemption because it reads the statute to exempt it from liability if the PUC "would have the jurisdiction to establish the rates" for the service it provides. Motion, 6. In Uber's view it is irrelevant whether the PUC has actually established rates for the service Uber provides. Reply, 1-5. Under this reading, the fact that Uber's rates could be regulated by the PUC suffices to bar this action.

Plaintiffs in their papers contend that the statutory exemption only applies if the PUC in fact established Uber's rates, Opposition at 2, which as far as this records goes, it has not done.[2] At argument, plaintiffs for the first time suggested a different reading of the statutory exception, which is that it comes into effect at the moment Uber *submits its rates* to the PUC, based on an

---

[2] Plaintiffs allege that Uber sets its own prices. Ariekat Complaint ¶ 9; Yellow Cab FAC ¶ 14; Friendly Cab Complaint ¶ 10.

analogy, plaintiffs' contend, to the filed rate doctrine.[3] Under either of these readings, this suit is not barred.

The interpretation of § 17024 (1) is a new question and in its reference to rates that "are established under the jurisdiction of the Public Utilities Commission[,]"§ 17024 (1) is susceptible to the interpretations urged by both parties.

Despite the lack of direct authority, the parties provided little legislative history, discussion of possible legislative intent, or how § 17024 might fit within a broader view of PUC-related preemption doctrines or other doctrines which safeguard and distinguish the agency's jurisdiction from that of the courts.[4]

We do have *Hladek v. City of Merced*, 69 Cal.App.3d 585 (1977) which addressed § 17024 (2) and held that plaintiff is required to plead around § 17024 (2) where the exemption is implicated by the complaint's allegations. 69 Cal.App.3d at 591. This helps in the investigation of § 17024 (1).

Section § 17024 (1) exempts "…any service…for which rates are established under the jurisdiction of the Public Utilities Commission of this State and sold or furnished by any public utility corporation[.]" § 17024 (1). Subsection 2 (at issue in *Hladek*) exempts "…any service…sold or furnished by a publicly owned public utility and upon which the rates would have been established under the jurisdiction of the Public Utilities Commission of this State if such service…had been sold or furnished by a public utility corporation[.]" Section 17024 (2).

That is, § 17024 (1) governs any 'public utility corporations,' and § 17024 (2) governs 'publicly owned public utilities.' A 'public utility corporation' is actually a *privately* owned

---

[3] See generally e.g., *Gallivan v. AT & T Corp.*, 124 Cal. App. 4th 1377, 1382 (2004); *H.J. Inc. v. Nw. Bell Tel. Co.*, 954 F.2d 485, 488 (8th Cir. 1992). I briefly discuss the doctrine below.
[4] E.g., *Hartwell Corp. v. Superior Court*, 27 Cal.4th 256, 264–265 (2002) ("the California Constitution confers broad authority on the Legislature to regulate public utilities and to delegate regulatory functions to the PUC. (Cal. Const., art. XII, §§ 3, 5.)").

entity, but which operates a "system for the transportation of people." *Hladek*, 69 Cal.App.3d at 590, relying on Cal. Const., Art. XII, § 3.[5] 'Publicly owned public utilities' are, as the nomenclature suggests, *publicly* owned.

The problem apparently addressed by the two subsections of § 17024 is this: in the absence of legislation providing otherwise, the PUC's jurisdiction to regulate utilities extends only to the regulation of *privately* owned utilities. *Inyo v. Pub. Util. Com.*, 26 Cal.3d 154, 166 (1980). So § 17024 (1) in a straightforward manner creates the exemption (from below-cost pricing liability) to entities overtly within the jurisdiction of the PUC:- the private companies. The legislature then reaches out to provide the same protection to entities which, under *Inyo*, might not be within the PUC's jurisdiction, and provides the same immunity. The fact that the private companies are, and the publicly owned entities are not, under the jurisdiction of the PUC, explains the difference in wording in the two subsections: the "would have been" counterfactual (or subjunctive) phrase is used in subsection (2) because the PUC doesn't normally have jurisdiction over the public entities. It is fair, however, to otherwise view the two subsections as creating the same immunity under essentially the same circumstances, thus placing the private utility corporations on equal footing with publicly owned utilities. So it is that *Hladek*'s views pertain also, then, to § 17024 (1).

*Hladek* considered only whether the PUC would have had jurisdiction; it did not consider whether the PUC did in fact, or would, *exercise* its jurisdiction. When that analysis is applied to § 17024 (1), then the immunity kicks in to the extent the PUC "does have the jurisdiction to

---

[5] "Sec. 3. Private corporations and persons that own, operate, control, or manage a line, plant, or system for the transportation of people or property, the transmission of telephone and telegraph messages, or the production, generation, transmission, or furnishing of heat, light, water, power, storage, or wharfage directly or indirectly to or for the public, and common carriers, are public utilities subject to control by the Legislature. The Legislature may prescribe that additional classes of private corporations or other persons are public utilities." Cal. Const., Art. XII, § 3.

establish the rates for such service." *Hladek*, 69 Cal.App.3d at 590-91. Uber's reading is correct.

Thus we turn to whether the PUC had jurisdiction to establish Uber's rates. *Hladek*, 69 Cal.App.3d at 591. While plaintiffs' papers are not clear that they contest this, plaintiffs' counsel at argument expressly agreed that the PUC had jurisdiction during the relevant time.[6]

Finally, a word on the filed rate doctrine suggested by plaintiffs, for the first time, at argument yesterday. Obviously the pitch comes too late. *New Plumbing Contractors, Inc. v. Nationwide Mut. Ins. Co.*, 7 Cal. App. 4th 1088, 1098 (1992) (argument raised for first time at argument not considered); *Animal Prot. & Rescue League v. City of San Diego*, 237 Cal. App. 4th 99, 107 n.5 (2015) (same).

But the suggestion also founders on the merits. It doesn't address the reasoning above that the statute is in effect as a function of the PUC's jurisdiction; the notion that the jurisdiction has to in some way be *invoked* or triggered, or that the PUC has to be shown to be aware of Uber's rates in some way, doesn't find a toehold in the statute's language. Relatedly, the fact that the filed rate doctrine might apply—if for example there *were* tariffs on file setting Uber's rates—and so might insulate Uber from a variety of claims including antitrust claims[7] doesn't mean that § 17024 (1) isn't effective on its own, with or without filed rates. The filed rate

---

[6] The concession is well founded. The PUC is authorized to regulate "charter-party carriers of passengers." Pub. Util. Code § 5351 *et seq.* Effective January 1, 2015, the Legislature confirmed the PUC's authorization to regulate "transportation network companies" as a subset of "charter-party carriers." Pub. Util. Code §§ 5430, 5440-5441. Here, Uber allegedly operates a transportation network through online-based applications pursuant to which it provides automobile-based transportation in every major metropolitan area in the state of California. Ariekat Complaint ¶¶ 7-9; Yellow Cab FAC ¶¶ 12-14; Friendly Cab Complaint ¶¶ 8-10. While drivers operate their own vehicles, Uber controls the process for requesting and paying for rides. Ariekat Complaint ¶ 9; Yellow Cab FAC ¶ 14; Friendly Cab Complaint ¶ 10. These allegations place Uber within the definition of "transportation network company." Pub. Util. Code § 5431(c). So, Uber also falls within the broader category of "charter-party carriers," and Uber is subject to the PUC's jurisdiction.

[7] *In re Wholesale Elec. Anti-Tr. Cases I & II*, 147 Cal. App. 4th 1293 (2007); cf., *People ex rel. Brown v. Powerex Corp.*, 153 Cal. App. 4th 93, 101 (2007).

doctrine is judge made.[8] It doesn't affect the patent right of the legislature to step in and independently limit the reach of its own laws against below-cost pricing.

Plaintiffs stated that they could not amend pursuant to *Hladek* to take their below-cost claims outside the exception language of the statute if Uber's interpretation of it is accepted. Thus I need not reach the rest of the pleading issues, and ordinarily I would sustain the demurrers without leave to amend.

However plaintiffs did suggest at argument that they could plead some other claim based on the UCL's "unfair" prong, notwithstanding the usual safe harbor defenses discussed in e.g., *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). While it is unclear how this can be done,[9] the matter was not directly briefed. Because this is the first attack on a complaint, I will permit an amended complaint.

**Conclusion**

The demurrers are sustained with leave to amend. An amended complaint must be served and filed not later than February 13, 2018.

Dated: January 30, 2018

Curtis E.A. Karnow
Judge Of The Superior Court

---

[8] E.g., Vonda Mallicoat Laughlin, "The Filed Rate Doctrine and the Insurance Arena," 18 CONN. INS. L.J. 373, 378 (2012); Kaleigh Powell, "'A Nuanced Approach': How Washington Courts Should Apply the Filed Rate Doctrine," 92 WASH. L. REV. 481 (2017) ("a court-created rule").
[9] It may be contrary to the policy embodied by § 17024 if plaintiffs were permitted to maintain a UCL claim based on a violation of the policies embodied by § 17043 where § 17024 expressly exempts Uber from liability under § 17043.

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On   JAN 30 2018   , I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:   JAN 30 2018

T. Michael Yuen, Clerk

By: _____
DANIAL LEMIRE, Deputy Clerk

EXHIBIT B



**PROMETHEUS PARTNERS**
COUNSEL FOR THE INNOVATIVE MIND

February 13, 2018

**RE: Uber Technologies Pricing Cases - Case No. CJC-17-004925**

Judge Curtis Karnow
San Francisco Superior Court
Department 304
400 McAllister St.
San Francisco CA 94102

Your Honor:

I am writing with respect to the Court's January 30, 2018, ruling on the Defendant's demurrer in the above matter. The order sustained the Defendant's demurrer without leave to amend as to Plaintiffs' first cause of action for predatory pricing, but gave leave to amend the second cause of action for unfair business practices.

On behalf of the Plaintiffs in the coordinated actions, I write to advise the Court that the Plaintiffs will not be filing an Amended Complaint. Instead, in order to preserve the time and resources of the Court and the Parties, and in order to expedite appellate review on the predatory pricing cause of action, Plaintiffs instead intend to appeal the presumptively forthcoming judgment of dismissal.

Sincerely,

John R. Hurley, Esq.

Prometheus Partners LLP

Cc:   Kent M. Roger (via electronic mail)
      Brian C. Rocca (via electronic mail)