Tom Kayes (*pro hac vice application forthcoming*)
tk@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
Tel: (312) 741-5220

*Counsel for Defendants Warren Postman*
*And Keller Lenkner LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DIVA LIMOUSINE, LTD., individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> UBER TECHNOLOGIES, INC. et al., <br><br> *Defendants*. <br><br> This Motion Relates to: <br> *Lyft, Inc. v. Warren Postman and Keller Lenkner LLC*, Case No. 3:18-cv-06978 | No. 3:18-cv-05546-EMC <br><br> No. 3:18-cv-06978 <br><br> **DEFENDANT KELLER LENKNER LLC AND WARREN POSTMAN'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> Location: Courtroom 5 <br> Judge: Hon. Edward M. Chen |

Warren Postman represented the U.S. Chamber of Commerce in a preemption challenge to a Seattle ordinance allowing for-hire drivers to unionize. Dkt. 40 at 1.[1] The ordinance applied only to independent contractors, and no party to the Seattle litigation ever argued that Uber or Lyft drivers were employees rather than independent contractors. *See* Dkt. 66-3 at 19 (*Seattle* court rejecting Chamber's preemption argument because "the Chamber's claim of *Garmon* pre-emption is not tethered to the facts alleged. Because no party has asserted that for-hire drivers are employees, the issue will not be considered or resolved in this litigation."). Uber was a co-plaintiff in that case. Dkt. 40 at 3. Lyft was not a party to the litigation, but it collaborated behind the scenes with the

---

[1] "Dkt." cites are to the docket in this case, *Diva Limousine v. Uber Technologies, Inc. et al.*, No. 18-cv-5546. "Lyft Dkt." cites are to the docket in *Lyft, Inc. v. Postman et al.*, No. 18-cv-6978.

Chamber, Uber, and various other Chamber members, donors, and trade associations. Lyft Dkt. 1 ¶ 4; Dkt. 58 ¶¶ 37-38; Lyft Dkt. 4-2 ¶¶ 10-12.

In June 2018, Mr. Postman joined Keller Lenkner LLC. After Mr. Postman joined the firm, Keller Lenkner served demands for arbitration against Uber and Lyft on behalf of individual drivers alleging misclassification and seeking unpaid wages and other relief. Dkt. 40 at 2, n.3; Lyft Dkt. 1 ¶ 79. Keller Lenkner also filed this case against Uber on behalf of Diva Limousine, Ltd., alleging unfair competition enabled by driver misclassification. Dkt. 1 ¶ 1.

In the *Diva* case, Uber moved to disqualify Keller Lenkner based on Mr. Postman's work for the Chamber on the Seattle litigation. Dkt. 40 at 16-17. In its motion, Uber argues that Keller Lenkner should be disqualified because the Seattle litigation is substantially related to the *Diva* case, as both supposedly involve the classification of Uber's drivers. *Id*. Lyft now raises the exact same theory—but instead of moving to disqualify Keller Lenkner in arbitration, Lyft has sued Keller Lenkner and Mr. Postman, alleging tort theories predicated on the alleged conflict and seeking to enjoin Keller Lenkner and Mr. Postman from representing any client adverse to Lyft on misclassficiation. Lyft Dkt. 1 ¶ 98.

Lyft's new case is related to *Diva* under Local Rule 3-12. Cases are related under the rule if "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Both criteria are satisfied here.

First, the *Diva* and *Lyft* cases concern the same parties and event—namely, Uber, Lyft, the Chamber, and Mr. Postman's involvement in (and the substance of) the Seattle litigation.

Second, review of the *Lyft* case by another judge would lead to duplication of effort and could produce conflicting results. If the cases are not related, a new judge will be required to duplicate the effort this Court has already expended in *Diva* in reviewing the facts and law relevant to the alleged conflict. *See, e.g.*, Dkts. 40-46, 55-66, 69-72, 75, 80 (reflecting more than 1,000 pages of briefing and a 92-minute hearing). And having the underlying conflict issue resolved by separate judges would raise the possibility of "conflicting results."

1    Based on a straightforward application of Local Rule 3-12, the *Diva* and *Lyft* cases should
2    be deemed related.
3    That the *Diva* case involves issues and claims beyond the role of Uber, Lyft, and Mr.
4    Postman in the Chamber's Seattle litigation does not undermine the benefits of relating the *Lyft*
5    case to the *Diva* case. Lyft's claims turn directly on the existence and scope of an alleged
6    confidential relationship among Uber, Lyft, and the Chamber, as well as the relationship between
7    the Seattle litigation and driver-misclassification claims. This Court's work in *Diva* will create
8    substantial efficiencies in the *Lyft* case, regardless of the fact that the Court will, in all events, need
9    to resolve other issues in *Diva*. Courts in this district have related cases even if they featured
10   "slightly differing parties" and claims, where doing so resulted in efficiency in assessing subsidiary
11   legal or factual questions. *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-
12   cv-1130, 2015 WL 4452136, at *12 (N.D. Cal. July 20, 2015) (relating a later-filed case that
13   "involve[d] slightly differing parties, a differing underlying FOIA request, and . . . raised [an issue
14   that was] unrelated to the issues raised in the other cases already before the Court" because the
15   evidence presented in the earlier cases could be significant to the claim in the later case).
16   Accordingly, the Admininstrative Motion should be granted.

17   Dated: November 26, 2018                    Respectfully submitted,

18                                                /s/ Tom Kayes
19                                                Tom Kayes
                                                  **KELLER LENKNER LLC**
20                                                150 N. Riverside Plaza, Suite 4270
                                                  Chicago, Illinois 60606
21                                                Tel: (312) 741-5220

22                                                *Counsel for Defendants*

- 3 -

DEFENDANTS' ADMINISTRATIVE
MOTION TO RELATE CASES
CASE NO. 18-CV-05546-EMC

**[PROPOSED] ORDER**

Having considered Defendants' motion to relate Lyft v. Postman et al, No. 3:18-cv-06978, to Diva Limousine Ltd. v. Uber Technologies, Inc., et al, No. 3:18-cv-05546, and good cause appearing therefore, the Court hereby GRANTS the motion.

Dated: _____, 2018.        SO ORDERED.


_____
Hon. Edward M. Chen
United States District Judge

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be served on all ECF-registered counsel of record via the Court's CM/ECF system.

Dated: November 26, 2018.

/s/ Tom Kayes