UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DIVA LIMOUSINE, LTD.<br><br>DIVA LIMOUSINE, LTD.,<br>    Petitioner,<br>v.<br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO,<br>    Respondent,<br>UBER TECHNOLOGIES, INC.; RAISER-CA LLC; RAISER, LLC; UBER USA, LLC; UATC, LLC,<br>    Real Parties in Interest | No. 19-70357<br><br>District Court No. 18-cv-05546-EMC<br>Northern District of California,<br>San Francisco<br><br>**DISTRICT COURT'S RESPONSE RE PETITION FOR WRIT OF MANDAMUS**<br><br>Ninth Cir. Docket No. 2 |

In response to Diva Limousine's ("Diva") petition for a writ of mandamus challenging this Court's decision to disqualify Keller Lenkner LLC ("KL") from its representation of Diva in the above case, the Ninth Circuit issued an order providing that this Court "may address the petition if it so desires." Order, *In re Diva Limousine, Ltd.*, No. 19-70357 (Ninth Cir. Apr. 24, 2019), Docket No. 2. Below is the Court's response.

Diva's petition raises two issues:

    (1) Whether a district court may disqualify a lawyer under California law without finding that the lawyer's conduct violates a Rule of Professional Conduct.

(2) Whether a district court may find a "substantial relationship" between cases after concluding that they do not involve the same legal issues or factual questions (and that the prior matter did not involve litigating any factual disputes whatsoever).

Petition for Writ of Mandamus, *In re Diva Limousine, Ltd.*, Docket No. 1 at 9.

With respect to the first issue, the Court's disqualification order discussed several cases in which courts have disqualified counsel due to counsel's receipt of confidential information from a non-client, notwithstanding the fact that there was no violation of a specific Rule of Professional Conduct. *See* Docket No. 96 at 7–9; *Acacia Patent Acquisition, LLC v. Superior Court*, 234 Cal. App. 4th 1091, 1098–1107 (2015); *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal. App. 4th 223, 230–35 (1999). These cases are consistent with California Rule of Professional Conduct 1.0(b)(2) as well as former Rule 1-100, which make clear that "[t]he prohibition of certain conduct in these rules is not exclusive. Members are also bound by applicable law including the State Bar Act (Bus. & Prof. Code, § 6000 et seq.) and opinions of California courts." California courts have held that "Rule 1-100's intent supports disqualification" where an attorney's "actions would undermine the integrity of the legal profession," even if "the current conflict of interest rules do not appear to apply." *Allen v. Acad. Games Leagues of Am., Inc.*, 831 F. Supp. 785, 789 (C.D. Cal. 1993).

///
///
///
///
///
///
///
///
///

2

1   With respect to the second issue, the Court's basis for finding a substantial
2   relationship between KL's current representation of Diva and Mr. Postman's former
3   work with Uber at the Chamber of Commerce is set forth in pages 15 to 21 of the
4   disqualification order.

6   **IT IS SO ORDERED**.

8   Dated: May 3, 2019

_____
EDWARD M. CHEN
United States District Judge