1  Michael A. Geibelson (SBN 179970)
   MGeibelson@RobinsKaplan.com
2  Aaron M. Sheanin (SBN 214472)
   ASheanin@RobinsKaplan.com
3  **ROBINS KAPLAN LLP**
   2440 W El Camino Real, Suite 100
4  Mountain View, CA 94040
   Telephone:    (650) 784-4040
5  Facsimile:    (650) 784-4041

6  *Attorneys for Diva Limousine Ltd.*

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 DIVA LIMOUSINE, LTD., individually     Case No. 3:18-cv-05546-EMC
   and on behalf of all others similarly
12 situated,

13            Plaintiff,                   **PLAINTIFF'S RESPONSE TO ORDER
                                           REQUESTING INFORMATION FROM
14 v.                                      THE PARTIES [DKT. 140]**

15 UBER TECHNOLOGIES, INC., et al.,

16            Defendants.

17

18        COMES NOW Plaintiff Diva Limousine, Ltd and responds to the Court's Order Requesting

19 Information from the Parties (Dkt. 140) as follows:

20        Contrary to the implication of the Court's Order, there is no need for the Court to approve

21 the Notice of Voluntary Dismissal for several reasons. *First,* at the time of the filing of the Notice

22 of Voluntary Dismissal, there was no operative complaint inasmuch as the complaint had been

23 dismissed by Order of the Court; although leave to amend had been granted, no amended complaint

24 was filed. (See Dkt. 127.) *Second,* the Court's Order dismissed with prejudice the only claim that

25 sought damages – the Second Claim for violation of the Unfair Practices Act. (Dkt. 127 at 14:16)

26 The only claim that remained in the case after that June 20, 2019 was for prospective injunctive

27 relief. In a claim for prospective relief, tolling would be irrelevant. *Third,* because the only claim

28

*(left margin, vertical text)* ROBINS KAPLAN LLP · ATTORNEYS AT LAW · MOUNTAIN VIEW

that remained was for injunctive relief, class certification would only have been sought pursuant to Rule 23(b)(2); thus notice to the class would have been unnecessary because putative class members could not have opted out even if the claim had been pursued and a class had been certified. ***Finally***, while the Court's Order (at 1:16-19) quotes a superseded version of Rule 23(e), the dismissal here was made pursuant to subdivision (i) of Rule 41(a)(1)(A), entitled "Without a Court Order," prior to an answer or motion for summary judgment being filed by any defendant. Compare Fed. R. Civ. Proc. R. 41(a)(2) ("By Court Order").

With respect to the Court's request for "a description of the scope of publicity and nature of the information shared with the public and putative class members about this case," Diva states the following:

### *1. Publicity*

Particularly when compared to the publicity associated with the *O'Connor* case, the publicity associated with the *Diva* case has been *de minimis*, and has principally appeared in legal press given those publications' interest in the aftermath of the *Dynamex* decision. Based upon our review, The Daily Journal has referenced this case only three times: on September 13, 2018 when the case was filed; on May 10, 2019 in an article about the *O'Connor* settlement; and on July 3, 2019 in a list of recent cases at the foot of a Judicial Profile of the Honorable Edward M. Chen. This pales in comparison to the number of times Diva Limousine has been mentioned in regard to the wage and hour case it fought through the Court of Appeal, *Ghazaryan v. Diva Limousine, Ltd.*, 169 Cal.App.4th 1524 (2008). (See Ex. A.) The references to the case in the popular press have also been modest, and principally concerned (and appeared at the time of) the filing of the complaint and the disqualification of the Keller Lenkner firm. (See Ex. B.) There was also a single web page press release posted at the time of the filing of the complaint. (See Ex. C.) Other subscription-based legal press has included discussion of the case in a similarly modest fashion. (See Ex. D.)

### *2. Nature of the information shared with the public and putative class members*

Without disclosing attorney client communications, Plaintiff can share that its counsel has communicated with less than a half dozen putative class representatives/class members as such.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Those communications have principally involved, and concluded with, discussions with those

2  entities' lawyers, not their principals. Other than for the attorney-client communications and

3  publications referenced above, no information about the case has been shared with the public or

4  putative class members other than the information, whether verbatim or in summary, that appears

5  as a matter of record in this action, and strategic matters covered by the work product doctrine

6  concerning the suitability of certain individual and types of entities to serve as class representatives.

7

8  DATED: October 15, 2019

Respectfully submitted,

9  **ROBINS KAPLAN LLP**

10  By: */s/ Michael A. Geibelson*
       Michael A. Geibelson

11     Aaron M. Sheanin
       2440 W El Camino Real, Suite 100

12     Mountain View, CA  94040
       Telephone:  (650) 784-4040

13     Facsimile:  (650) 784-4041

14     *Attorneys for Diva Limousine Ltd.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61578632.2

RESPONSE TO ORDER
CASE NO. 3:18-CV-05546-EMC

# EXHIBIT A

# Daily Journal



We are the leading provider of professional liability insurance to California lawyers, and we have now lowered our rates on average by 17.5%.

Visit lawyersmutual.com

LAWYERS' MUTUAL
INSURANCE COMPANY
Our strength is your insurance

## Search Filters ⌄

**Filter By Date**

| Start date | to | End date |

**Exact Phrase**

diva limousine

Searching For A Person? Use Exact Phrase Searches With And Without Middle Initial.

**Not The Words**

**At Least One Of The Words** ⓘ

**All The Words** ⓘ

🔍

Clear Filters ✖

### Categories ⌄

| All Results | 40 |
| Judicial Profiles | 1 |
| News | 4 |
| Perspective | 1 |
| Rulings | 34 |



Congratulations to our managing partner David S. Casey, Jr.

← **1** 2 →

**Daily Appellate Report**

Civil Procedure                                          Jul. 30, 2019

### Noel v. Thrifty Payless, Inc.

California Supreme Court

Bomersheim v. Los Angeles Gay & Lesbian Center (2010) 184 Cal.App.4th 1471, 1481 [same]; *Ghazaryan v. Diva Limousine, Ltd.* (2008...

Read more.

**Judicial Profile**

Northern District of California (San Francisco)          Jul. 3, 2019

### Exercising Vigilance

By Winston Cho

For the defense: James M. Burnham, U.S. Department of Justice

• *Diva Limousine Ltd. v. Uber*

...

Read more.

**News**

Judges and Judiciary                                     Jul. 3, 2019



for being selected annually since 2016 by the *Daily Journal* as one of the "Top 100 Lawyers" in California.

**CaseyGerry**

CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP



A premier law firm handling cerebral palsy and birth injury cases.

*We make a difference in the lives of children with disabilities*

**MICHELS & LEW**

LAW OFFICES OF MICHELS & LEW
MEDICAL MALPRACTICE ATTORNEYS

michels-lew.com

**Exercising Vigilance**

For the defense: James M. Burnham, U.S. Department of Justice

• *Diva Limousine* Ltd. v. Uber

...

Read more.

---

**News** 

Civil Litigation, Labor/Employment                                      May 10, 2019

**Uber settles with most of the 60,000 drivers who sued for misclassification**

By Andy Serbe

For example, in one such case, **Diva Limousine** alleges that the company undercuts and

...

Read more.

---

**Daily Appellate Report**

Civil Procedure                                                          Mar. 14, 2019

**Myers v. Raley's**

California Courts of Appeal

Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1530.) If the trial court utilizes improper criteria or incorrectly analyzes the case, an appellate court is required to reverse even if...

Read more.

---

**News** 

Civil Litigation, Labor/Employment                                      Sep. 13, 2018

**Uber accused of misclassification by competitor in novel legal move**

By Andy Serbe

**Diva Limousine** Ltd. filed the suit on behalf of itself and those similarly situated on Monday in the Northern District of California, and its lawyers say that it is the first of its kind to approach misclassification from a competition angle

Daily Appellate Report

Labor Law                                    Jan. 12, 2018

## ABM Industries Overtime Cases

California Courts of Appeal

Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1529, 1539 [directing certification of two subclasses based on failure to pay earned wages and overtime and failure to provide...

Read more.

Daily Appellate Report

Labor Law                                    Oct. 19, 2015

## Alberts v. Aurora Behavioral Health Care

   (*Sav-On*, at p. 327; *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524...

Read more.

Daily Appellate Report

Consumer Law                                 Mar. 8, 2015

## Aguirre v. Amscan Holdings Inc.

evidal v. Target Corp. (2010) 189 Cal.App.4th 905, 920; *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524, 1533; *H*...

Read more.

Daily Appellate Report

Labor Law                                    Jan. 9, 2015

## Mendiola v. CPS Security Solutions, Inc.

   (E.g., *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524, 1535 (...

Read more.

**Daily Appellate Report**

Employment Law                                                      Jan. 5, 2015

### Koval v. Pacific Bell Telephone Co.

v. *Diva* Limousine, Ltd. (2008) 169 Cal.App.4th 1524 (*Ghazaryan*), and *Bufil v. Dollar Financial Group, Inc.* (2008) 162 Cal.App.4th 1193 (*Bufil*)....

Read more.

**Daily Appellate Report**

Employment Law                                                      Nov. 10, 2014

### Martinez v. Joe's Crab Shack Holdings

We made a similar point in *Ghazaryan v. **Diva Limousine** Ltd.* (2008) ...

Read more.

**Daily Appellate Report**

Employment Law                                                      Dec. 8, 2013

### Williams v. Superior Court (Allstate Insurance Co.)

Sav-On Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 326; *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169...

Read more.

**Daily Appellate Report**

Employment Law                                                      Dec. 4, 2013

### Martinez v. Joe's Crab Shack Holdings

Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1531.)[1]  Here, the trial court, after wrestling with the factual issues raised by Defendants Crab Addison, Inc., Ignite Restaurant...

Read more.

**Daily Appellate Report**

Daily Appellate Report

Employment Law                                                    Nov. 28, 2013

### Jones v. Farmers Insurance Exchange

Jaimez v. Daiohs USA, Inc. (2010) 181 Cal.App.4th 1286, 1301-1307 (*Jaimez*); *Ghazaryan v. Diva Limousine, Ltd.* (2008) 169 Cal.App.4th 1524, 1536.)

...

Read more.

Daily Appellate Report

Employment Law                                                    Oct. 17, 2013

### Benton v. Telecom Network Specialists Inc.

(Code Civ. Proc., § 382.)? (*Ghazaryan v. Diva Limousine, Ltd.* (2008) 169 Cal.App.4th 1524, 1530 (...

Read more.

Daily Appellate Report

Employment Law                                                    May 13, 2013

### Faulkinbury v. Boyd & Associates Inc.

*Jaimez v. Daiohs USA, Inc.* (2010) 181 Cal.App.4th 1286 (*Jaimez*); *Ghazaryan v. Diva Limousine, Ltd.* (2008) 169 Cal.App...

Read more.

Daily Appellate Report

Banking                                                           Jan. 28, 2013

### Miller v. Bank of America N.A.

(*Ghazaryan v. Diva Limousine, Ltd.* (2008) 169 Cal.App.4th 1524, 1533...

Read more.

Daily Appellate Report

Employment Law                                                    Dec. 12, 2012

### Bradley v. Networkers International LLC

Brinker decision. Reversed and remanded. In ruling on the predominance issue in a certification motion, courts must...

Jaimez); *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524 (*Ghazaryan*); and *Bufil, supra*, 162 Cal.App...

Read more.

---

Daily Appellate Report

Employment Law                                                                                          Nov. 9, 2012

### Morgan v. Wet Seal Inc.

Instead they mistakenly rely on *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524 (...

Read more.

---

Daily Appellate Report

Employment Law                                                                                          Sep. 6, 2012

### Flores v. Lamps Plus Inc.

Sav-On Drug Stores, *supra*, 34 Cal.4th at p. 324; *Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524, 1534.)

Wage

...

Read more.

---

Daily Appellate Report

Employment Law                                                                                          Aug. 31, 2012

### Hernandez v. Chipotle Mexican Grill Inc.

'>Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1534, citing *Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 561-562.)  Labor Code section 516 specifically authorizes the...

Read more.

**Daily Appellate Report**

Civil Procedure                                                                      Jul. 5, 2012

### Sotelo v. MediaNews Group Inc.

-bidi-font-style:normal'>Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1536.)
   The difference between *Jaimez* and

...

Read more.

**Daily Appellate Report**

Employment Law                                                                      Apr. 12, 2012

### Brinker Restaurant Corp. v. Superior Court (Hohnbaum)

. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1531; *Caro v. Proctor & Gamble Co.* (1993) 18 Cal.App.4th 644, 656.)  The rule is that a court may ?consider⬚ how...

Read more.

**Daily Appellate Report**

Civil Procedure                                                                      Oct. 20, 2011

### Marler v. E.M. Johansing LLC

Ghazaryan v. **Diva Limousine**, Ltd., *supra*, 169 Cal.App.4th at p. 1533, fn. 8.)  In such cases, this is "not a bar to class certification...

Read more.

**Daily Appellate Report**

Employment Law                                                                      Jul. 8, 2011

### Soderstedt v. CBIZ Southern California LLC

Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1534?1535 [common issues

Daily Appellate Report

Employment Law                                                    May 11, 2011

**Flores v. Lamps Plus Inc.**

Sav-On Drug Stores, *supra*, 34 Cal.4th at p. 324; *Ghazaryan v. Diva Limousine, Ltd.* (2008) 169 Cal.App.4th 1524, 1534.)

...

Read more.

---

Daily Appellate Report

Employment Law                                                    Apr. 18, 2011

**Mora v. Big Lots Stores Inc.**

Ghazaryan v. *Diva Limousine*, Ltd. (2008) 169 Cal.App.4th 1524, 1531 [?trial...

Read more.

---

Daily Appellate Report

Employment Law                                                    Apr. 17, 2011

**Seymore v. Metson Marine Inc.**

supra, at p. 4, fn. 3; see also *Ghazaryan v. Diva Limousine, Ltd., supra*, 169 Cal.App.4th at p. 1535, fn...

Read more.

---

Daily Appellate Report

Employment Law                                                    Mar. 1, 2011

**Seymore v. Metson Marine Inc.**

supra, at p. 4, fn. 3; see also *Ghazaryan v. Diva Limousine, Ltd., supra*, 169 Cal.App.4th at...

Read more.



© 2019 DAILY JOURNAL CORPORATION. ALL RIGHTS RESERVED. | FEEDBACK | ADVERTISE WITH US | PRINTING SERVICES | PRIVACY | USER AGREEMENT | SEC | XBRL |
ABOUT ▲ | SUBMIT ▲


# Daily Journal


JAMS — Proactive ADR in an unpredictable world. LEARN MORE ► Local Solutions. Global Reach.

## Search Filters ⌄

**Filter By Date**

Start date | to | End date

**Exact Phrase**

diva limousine

Searching For A Person? Use Exact Phrase Searches With And Without Middle Initial.

**Not The Words**

**At Least One Of The Words** ❶

**All The Words** ❶

🔍

Clear Filters ✖

### Categories ⌄

| | |
|---|---|
| **All Results** | **40** |
| Judicial Profiles | 1 |
| News | 4 |
| Perspective | 1 |
| Rulings | 34 |


www.alston.com

← | 1 | 2 | →

---


**Daily Appellate Report**

Civil Procedure                                           Oct. 31, 2010

### Sevidal v. Target Corp.

-bidi-font-style:normal'>Ghazaryan v. **Diva Limousine**, *Ltd.* (2008) 169 Cal.App.4th 1524, 1533; *Harper v. 24 Hour Fitness, Inc.* (2008) 167 Cal.App.4th 966, 977; ...

Read more.

---

**Daily Appellate Report**

Employment Law                                           Oct. 28, 2010

### Hernandez v. Chipotle Mexican Grill Inc.

(*Ghazaryan v. **Diva Limousine**, Ltd.* (2008) 169 Cal.App.4th 1524, 1534, citing ...

Read more.

---

**Daily Appellate Report**

Employment Law                                           Mar. 2, 2010

### Rutti v. Lojack Corp. Inc.

Ghazaryan v. **Diva Limousine** Ltd., 169 Cal. App. 4th 1524 (2008), similarly concerned time spent by limousine drivers between calls, not the time spent commuting from home to their first





assignments. Furthermore, our reading of *Morillion* is...
Read more.

**Daily Appellate Report**

Civil Procedure                                              Feb. 10, 2010

### Jaimez v. DAIOHS USA Inc.

Ghazaryan v. **Diva Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1531 (*Ghazaryan*).)   California courts consider "pattern and practice evidence, statistical evidence, sampling evidence, expert testimony, and other indicators of a defendant's centralized...
Read more.

**Daily Appellate Report**

Civil Procedure                                              Jan. 28, 2010

### Arce v. Kaiser Foundation Health Plan Inc.

**Limousine**, Ltd. (2008) 169 Cal.App.4th 1524, 1531.)  However, given that the ascertainability of the putative class was not a basis for Kaiser?s demurrer or the trial court?s order, we leave it to the parties and the trial court to address the proper...
Read more.

**Perspective**

Civil Litigation                                              Aug. 26, 2009

### Class Confusion

By Aashish Y. Desai

Similarly, in *Gahazaryan v. **Diva Limousine**, Ltd.*, 169 Cal.App.4th 1524 (2008), the appellate court reversed the trial court's denial of class certification of a class of limousine drivers seeking overtime pay. The defense used
...
Read more.

**Daily Appellate Report**

Employment Law

Employment Law                                                    Aug. 25, 2009

**Rutti v. Lojack Corp. Inc.**

Ghazaryan v. **Diva Limousine** Ltd., 169 Cal. App. 4th 1524 (2008), similarly concerned time spent by limousine drivers...

Read more.


**News**

Perspective                                                       May 30, 2009

**Time Is Money**

By Sara Libbyn

The *Gomez* decision piggybacks a separate ruling by the Court of Appeal on the rights of on-call employees handed down earlier this year. Although the issues before the court in *Ghazaryan v. Diva Limousine*, 2009...

Read more.

**Daily Appellate Report**

Civil Procedure                                                  Jan. 12, 2009

**Ghazaryan v. Diva Limousine Ltd.**

Ghazaryan v. **Diva Limousine** Ltd....

**Diva Limousine** Ltd. (Diva) operated a limousine service within Los Angeles. Diva paid its employees based upon an hourly rate for assigned trips where Diva drivers would pick up and drop off clients. In general, Diva notified its drivers of initial assignments prior to the beginning of a shift...

Sarkis Ghazaryan appeals from the trial court's order denying his motion to certify a class of limousine drivers allegedly undercompensated by **Diva Limousine**, Ltd. (Diva) in violation of California wage and hour laws.  ...

Read more.

**Daily Appellate Report**

### Dallanegra v. United States

Sarkis Ghazaryan appeals from the trial court's order denying his motion to certify a class of limousine drivers allegedly undercompensated by **Diva Limousine**, Ltd. (Diva) in violation of California wage and hour laws. ...

Read more.

← 1 2 →



**GreenspoonMarder** LLP  **Locally Grown, National Reach.**

888.491.1120
gmlaw.com

Full-service national business law firm • 240 attorneys • 26 locations nationwide • Ranked amongst *American Lawyer's* Am Law 200

Boca Raton Denver Fort Lauderdale Iselin Las Vegas Los Angeles Miami Naples New York Orlando Phoenix Portland San Diego Tallahassee Tampa West Palm Beach

© 2019 DAILY JOURNAL CORPORATION. ALL RIGHTS RESERVED. | FEEDBACK | ADVERTISE WITH US | PRINTING SERVICES | PRIVACY | USER AGREEMENT | SEC | XBRL | ABOUT ▲ | SUBMIT ▲

# EXHIBIT B



Google "diva limousine" + "uber" Sign in

All News Images Shopping Videos More Settings Tools

About 52 results (0.22 seconds)

Bloomberg Law

**Uber's Worker Business Model May Harm Competition, Judge ...**

Uber's Worker Business Model May Harm Competition, Judge Says ... Uber by Los Angeles-based transportation service Diva Limousine, ...

Jun 21, 2019

Courthouse News Service

**Antitrust Suit Over Uber Driver Classifications Likely to Advance**

Los Angeles-based Diva Limousine sued Uber in September 2018, claiming the company's flouting of state labor laws gives it an unfair ...

May 30, 2019

Auto Rental News Magazine (press release) (blog)

**Uber Could Be Violating Antitrust Laws, Judge Says**

Uber's practice of designating its drivers as independent contractors ... a case brought against Uber by Los Angeles-based Diva Limousine, ...

Jun 23, 2019

Ars Technica

**Limo firm to judge: Tell us whether Uber drivers are employees**

The proposed class-action lawsuit, known as Diva Limousine v. Uber, relies on a recently decided California Supreme Court decision that ...

Oct 8, 2018

Bloomberg Law

**Uber Wins Disqualification of Former Chamber Lawyer (1)**

Diva Limousine brought a class action against Uber over pre-arranged ground transportation services. Diva alleges that Uber saves money by ...

Jan 10, 2019

Courthouse News Service

**Uber, Lyft Fight Against California Gig Worker Protections**

Uber and Lyft are hoping to be carved out of Assembly Bill 5, ... of the April 2018 Dynamex decision by Los Angeles-based Diva Limousine.

Jun 12, 2019

Ars Technica

**Limo firm to Uber: You misclassify your drivers as contractors, which is unfair**

A Southern California limousine company sued Uber in federal court ... The new case is called Diva Limousine v. Uber. “Dynamex certainly ...

Sep 13, 2018

Courthouse News Service

### Competitor Suit Could Make Uber Change Labor Practices

Diva Limousine, a Los Angeles-based ride service, sued Uber in federal court Monday night, claiming its flouting of labor laws gives Uber an ...

Sep 11, 2018





Law.com

### Plaintiffs Firm Tossed From High-Profile Uber Case Gets New ...

A plaintiffs firm that was disqualified from handling a high-profile lawsuit against Uber Technologies got a step closer to being let back into the ...

Apr 25, 2019

The Drive

### Lawsuit Claims Uber Saved Upwards of $500M by ...

Lawsuit Claims Uber Saved Upwards of $500M by Misclassifying ... a local limousine company, Diva's Limousine, stating that Uber had unfairly ...

Sep 13, 2018

Stay up to date on results for **"diva limousine" + "uber"**.

Create alert

1  2    Next

Help    How News Works    Send feedback    Privacy    Terms



Google    "diva limousine" + "uber"    🔍    [ Sign in ]

🔍 All    📰 News    🖼 Images    🛍 Shopping    ▶ Videos    ⋮ More    Settings    Tools

Page 2 of 19 results (0.13 seconds)

**Insurance Journal**
**Suit: Uber Saved $500M a Year by Misclassifying California Drivers as Independent Contractors**
Uber Technologies Inc. may be saving more than $500 million a year by misclassifying its California drivers as ... The case is Diva Limousine v.
Sep 12, 2018

**The CPA Journal**
**Employee Versus Independent Contractor**
... freelance service opportunities such as Uber, Lyft, and Grubhub. ... classifying their workers as ICs, unfairly or not [Diva Limousine Inc. v.
Feb 11, 2019

**Axios**
**Login - September 14, 2018**
Driving the news: Diva Limousine, a California-based car service, has ... action lawsuit against the ride-hailing company, arguing that Uber is ...
Sep 14, 2018

**Bloomberg**
**Uber Accused of Saving $500 Million a Year by Cheating ...**
Uber Technologies Inc. may be saving more than $500 million a year by misclassifying its California drivers as independent contractors, ...
Sep 11, 2018

**JD Supra (press release)**
**September 2018 Independent Contractor Misclassification ...**
As discussed in our blog post of October 1, 2018, Diva Limousine, Ltd., a provider ... The class action complaint alleges that Uber continues to ...
Oct 11, 2018

**JD Supra (press release)**
**New Type of Independent Contractor Misclassification Lawsuit: Business vs. Business**
Diva Limousine, Ltd. v. Uber Technologies, Inc., No. 18-cv-05546 (N.D. Cal. Sept. 10, 2018). The defendant has not yet responded to the ...
Oct 1, 2018

**Les Échos**
**Uber visé par un nouveau recours collectif en Californie**
Uber Techologies doit à nouveau se présenter devant les juges en Californie. La société Diva Limousine a en effet pris l'initiative de déposer ...
Sep 12, 2018

**Les Échos**
**Uber remporte une victoire juridique aux Etats-Unis**

Le verdict était très attendu et c'est Uber, le leader mondial des plates-formes ... La dernière en date étant celle de Diva Limousine ce mois ci
Sep 26, 2018



G Perfil.com

Demandan a Uber por estatus laboral de conductores en California

Uber Technologies Inc. podría estar ahorrando más de US$500 millones al año al clasificar indebidamente a sus conductores de California como contratistas ...
Oct 8, 2018

Stay up to date on results for **"diva limousine" + "uber"**.

Create alert

Previous    1  2



"diva limousine" + "uber"

All    News    Images    Shopping    Videos    More        Settings    Tools

Sign in

About 21,100 results (0.33 seconds)

**Uber Black Just Got an Upgrade | Rides by Professional Drivers**
Ad  www.uber.com/ ▾
Rating for uber.com: 5.0 - 771 reviews
Uber Black is Making a New Commitment to Quality. Experience The Improvements For Yourself. Request a Premium Car with Uber. Stretch Out in Comfort. Show Up in Style. Types: UberXL, UberBLACK, UberPOOL, UberX, UberSELECT, UberSUV.

**Diva Limousine, Ltd. v. Uber Technologies, Inc. et al - Law360**
https://www.law360.com › cases
Parties, docket activity and news coverage of federal case Diva Limousine, Ltd. v. Uber Technologies, Inc. et al, case number 3:18-cv-05546, from California ...

**Diva Limousine, Ltd. v. Uber Technologies, Inc. et al - Law360**
https://www.law360.com › cases › articles
Coverage of federal case Diva Limousine, Ltd. v. Uber Technologies, Inc. et al, case number 3:18-cv-05546, from California Northern Court.

**Diva Limousine, Ltd. v. Uber Techs., Inc. - Casetext**
https://casetext.com › ... › Diva Limousine, Ltd. v. Uber Techs., Inc. ▾
Jan 9, 2019 - Read the full text of Diva Limousine, Ltd. v. Uber Techs., Inc. for free on Casetext.

**Diva Limousine, Ltd. v. Uber Technologies, Inc., 3:18-cv-05546**
https://www.courtlistener.com › docket › diva-limousine-ltd-v-uber-techno... ▾
Sep 10, 2018 - Docket for Diva Limousine, Ltd. v. Uber Technologies, Inc., 3:18-cv-05546 — Brought to you by the RECAP Initiative and Free Law Project, ...

**Antitrust Suit Over Uber Driver Classifications Likely to Advance**
https://www.courthousenews.com › antitrust-suit-over-uber-driver-classific... ▾
May 30, 2019 - Los Angeles-based Diva Limousine sued Uber in September 2018, claiming the company's flouting of state labor laws gives it an unfair ...

**Uber's Worker Business Model May Harm Competition, Judge ...**
https://news.bloomberglaw.com › daily-labor-report › ubers-worker-busin... ▾
Jun 21, 2019 - Uber's alleged misclassification of drivers as independent ... against Uber by Los Angeles-based transportation service Diva Limousine, saying ...

**Uber Wins Disqualification of Former Chamber Lawyer (1)**
https://news.bloomberglaw.com › class-action › uber-wins-disqualification-... ▾
Jan 10, 2019 - Diva Limousine brought a class action against Uber over pre-arranged ground transportation services. Diva alleges that Uber saves money by ...

**Limo firm to Uber: You misclassify your drivers as contractors ...**
https://arstechnica.com › tech-policy › 2018/09 › limo-firm-to-uber-you-... ▾
Sep 13, 2018 - Diva Limousine sues Uber, claims its reliance on contractors is illegal.

[PDF] **RKL LP - WordPress.com**
https://gigeconomyresources.files.wordpress.com › diva-limousine-v-uber ▾
But Uber does not treat its drivers as employees; it classifies them as .... Plaintiff Diva Limousine Ltd. is a California corporation headquartered at 12711, Ventura ...

**Diva Limousine Los Angeles, CA - Last Updated October ...**
https://www.yelp.com › search ▾
Reviews on Diva Limousine in Los Angeles, CA - Diva Limousine, LA Limo, Malibu Limousine, ExecuCar.

Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

**90035, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help    Send feedback    Privacy    Terms



Q All    News    Images    Shopping    Videos    More     Settings    Tools

Page 2 of about 811 results (0.30 seconds)

**Best Party Bus& Limo Service | Reserve Today | See Our Fleet**
Ad www.cwlimo.com/reservations/discount ▾     (302) 232-5802
Best selection and price. Limousine and party bus rentals. Clean, safe & reliable service. Events,
weddings, corporate, personal - get where you're going on time and in style. Stretch Limos. Flat
Rate Pricing. Stretch SUVs. Voted Best In The Area. Wedding Services.

**Book A Party Bus**       **Stretch Limos & SUVs**
Take your party on the road      Amazing fleet of the latest models
Great for groups and events      Arrive in comfort & style

**Uber Black Just Got an Upgrade | Rides by Professional Drivers**
Ad www.uber.com/ ▾
Uber Black is Making a New Commitment to Quality. Experience The Improvements For Your…

**Diva Limousine, Ltd. v. Uber Technologies, Inc. - Leagle.com**
https://www.leagle.com › decision › infdco20190621955
Jun 20, 2019 - **Diva Limousine**, Ltd., individually and on behalf of all others similarly situated, …
Diva asserts that **Uber's** actions violate the California Unfair …

**In re Diva Limousine, Ltd. - Leagle.com**
https://www.leagle.com › decision › infdco20190506958 ▾
May 3, 2019 - **Diva Limousine**, Ltd., individually and on behalf of all others similarly … **Uber**
Technologies, Inc., Rasier, LLC, Rasier-CA, LLC, **Uber** USA, LLC …

**Diva Limousine, Ltd. v. Uber Technologies, Inc. et al (3:18-cv …**
https://www.pacermonitor.com › public › case › Diva_Limousine,_Ltd_v_... ▾
Sep 10, 2018 - **Diva Limousine**, Ltd. v. **Uber** Technologies, Inc. et al (3:18-cv-05546), California
Northern District Court, Filed: 09/10/2018 - PacerMonitor

**Diva Limousine, Ltd. v. Uber Technologies, Inc. et al (4:18-cv …**
https://www.pacermonitor.com › public › case › Diva_Limousine,_Ltd_v_... ▾
Sep 10, 2018 - **Diva Limousine**, Ltd. v. **Uber** Technologies, Inc. et al (4:18-cv-05546), California
Northern District Court, Filed: 09/10/2018 - PacerMonitor

**TK declaration 10-31 1010pm - Diva Limousine, Ltd. v. Uber …**
https://www.docketbird.com › cand-3:2018-cv-05546-00066 ▾
**Diva Limousine**, Ltd. v. **Uber** Technologies, Inc. et al. Northern District of California,
cand-3:2018-cv-05546. Declaration of Tom Kayes in Support of {{55}} …

**Northern District of California Denies Uber's Motion to Dismiss …**
https://calawyers.org › antitrust-ucl-and-privacy › northern-district-of-calif... ▾
Jul 29, 2019 - On June 20, 2019, Judge Edward M. Chen of the Northern District of California in
**Diva** Limousine, Ltd. v. **Uber** Technologies Inc. issued an …

**Uber Could Be Violating Antitrust Laws, Judge Says - Legal …**
https://www.autorentalnews.com › uber-could-be-violating-antitrust-laws-j... ▾
Jun 23, 2019 - A case brought against **Uber** by Los Angeles-based **Diva Limousine** argues that
**Uber's** business model as it pertains to drivers financially …

**Uber's Worker Business Model May Harm Competition, Judge …**
https://cinemontage.org › Labor ▾
Jun 24, 2019 - **Uber's** Worker Business Model May Harm Competition, Judge Says … **Uber** by
Los Angeles-based transportation service **Diva Limousine**, …

Suit Claims Uber Saves Huge Sum By Misclassifying Drivers ...
https://www.lctmag.com › news › suit-claims-uber-saves-500-million-by-m... ▾
Sep 11, 2018 - The class action filed by **Diva Limousine** blames **Uber's** predatory pricing
strategies for hurting legitimate chauffeured services.

US: Uber's classification of drivers may violate CA antitrust law ...
https://www.competitionpolicyinternational.com › In The News ▾
Jun 23, 2019 - US: **Uber's** classification of drivers may violate CA antitrust law judge ... by Los
Angeles-based **Diva Limousine**, also ruled that **Uber's** business ...

Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

**90049, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help       Send feedback       Privacy       Terms



Page 3 of about 811 results (0.25 seconds)

**Uber Black Just Got an Upgrade | Rides by Professional Drivers**
Ad www.uber.com/ ▾
Rating for uber.com: 5.0 - 771 reviews
**Uber** Black is Making a New Commitment to Quality. Experience The Improvements For Yourself. Request a Premium Car with **Uber**. Stretch Out in Comfort. Show Up in Style. Types: UberXL, UberBLACK, UberPOOL, UberX, UberSELECT, UberSUV.

**Dan Handman Comments to Daily Journal on Novel Approach ...**
https://www.hkemploymentlaw.com › news-event › dan-handman-comme... ▾
Sep 13, 2018 - **Diva Limousine** Ltd. claims that **Uber's** substandard employment practices hurt not only employees, but also law-abiding competitor businesses ...

**Class Action Alleges Uber's Classification of Drivers as ...**
https://www.classaction.org › news › class-action-alleges-ubers-classificatio... ▾
Sep 17, 2018 - **Diva Limousine**, ltd. v. **Uber** Technologies, Inc. et al. Filed: September 10, 2018 ◊§ 3:18-cv-05546. • Read Complaint. A CA livery service ...

**Limo Firm To Judge: Tell Us Whether Uber Drivers Are ...**
https://yro.slashdot.org › story › limo-firm-to-judge-tell-us-whether-uber-d... ▾
Oct 8, 2018 - The proposed class-action lawsuit, known as **Diva Limousine** v. **Uber**, relies on a recently decided California Supreme Court decision that ...

**Is Diva Limousine's Race-to-the-Bottom Suit Against Uber ...**
https://lawprofessors.typepad.com › workerscomplaw › 2018/10 › is-diva-l... ▾
Oct 13, 2018 - The pattern has now become clear. The **Uber** strategy continues to be to shunt as many independent contractor suits into arbitration as possible ...

**Uber's classification of drivers may violate Calif. antitrust law ...**
https://www.reuters.com › article › employment-uber › ubers-classification-... ▾
Jun 21, 2019 - U.S. District Judge Edward Chen on Thursday said livery service **Diva Limousine** Ltd had adequately alleged that **Uber's** classification of ...

**Lawsuit Accuses Uber Of Saving $500 Million Annually By ...**
https://www.sfgate.com › news › bayarea › article › Lawsuit-Accuses-Uber-... ▾
Sep 12, 2018 - **Diva Limousine** Ltd. argues in the suit filed on Monday that the ride-booking company is violating California labor and insurance laws by ...

**Uber Sued For Saving Up To $500 Million Per Year By ...**
https://www.hrollp.com › blog › 2018/09 › uber-sued-for-saving-up-to-50... ▾
Sep 22, 2018 - **Diva Limousine** Ltd. is suing **Uber** for unfair competition, alleging that **Uber** classifying its drivers as independent contractors are not only a ...

**Duff: Is Diva Limousine's Race-to-the-Bottom Suit Against ...**
https://ww3.workcompcentral.com › columns › show ▾
Oct 23, 2018 - The pattern has now become clear. The **Uber** strategy continues to be to shunt as many independent contractor suits into arbitration as possible ...

**Uber's Attorneys Move to Disqualify Ex-Chamber Lawyer Now ...**
https://finance.yahoo.com › uber-apos-lawyers-move-disqualify-051642602 ▾
Oct 24, 2018 - Postman is on the Keller Lenkner team representing **Diva Limousine** in a suit against **Uber** in the U.S. District Court for the Northern District of ...

**Lawsuit Accuses Uber of Saving $500M Annually by ...**
https://www.nbcbayarea.com › news › local › Lawsuit-Accuses-Uber-of-Sa... ▾

Sep 13, 2018 - A Los Angeles limousine company has sued **Uber** Technologies Inc. in ... **Diva Limousine** Ltd. argues in the suit filed on Monday that the ...

## Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

Previous    1  2  **3**  4  5  6  7  8  9  10    Next

**90049, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help    Send feedback    Privacy    Terms



Page 4 of about 811 results (0.26 seconds)

**Uber Black Just Got an Upgrade | Rides by Professional Drivers**
`Ad` www.uber.com/ ▾
Rating for uber.com: 5.0 - 771 reviews
**Uber** Black is Making a New Commitment to Quality. Experience The Improvements For Yourself. Request a Premium Car with **Uber**. Stretch Out in Comfort. Show Up in Style. Types: UberXL, UberBLACK, UberPOOL, UberX, UberSELECT, UberSUV.

**Today's News & Commentary — October 11, 2018 | On Labor**
https://onlabor.org › todays-news-commentary-october-11-2018 ▾
Oct 11, 2018 - **Uber** may face a major public test under California's new ABC test for ... **Diva Limousine** filed a motion for partial summary judgment on the ...

**Meet the lawyer taking on Uber and the rest of the on-demand ...**
https://uberpeople.net › Information › News ▾
Apr 17, 2015 - 16 posts - 12 authors
One company in particular, **Diva Limousine**, has shrunk from 100 drivers to 25 drivers due to this change as well as other major lawsuit ...

**Diva limousine vs. uber | Planning Portal**
https://daublowkinddam.gq › diva-limousine-vs.-uber.ht... ▾ Translate this page
Sep 17, 2019 - **Diva limousine** vs. **uber**. Primar metastasiertes mammakarzinom therapie. Lincoln land college athletics. Silvia piazzini firenze. Model railway ...

**[PDF] Untitled**
https://www.translaw.org › Documents › Diva Limousine v. Uber.pdf ▾
**Diva Limousine**, Ltd. v. **Uber** Techs., Inc. United States District Court for the Northern District of California. June 20, 2019, Decided; June 20, 2019, Filed.

**Lawsuit Claims Uber Saved Upwards of $500M by ...**
https://www.limo.org › news › news ▾
Sep 18, 2018 - Ridesharing firm **Uber** finds itself on the business end of another lawsuit ... limousine company, **Diva's Limousine**, stating that **Uber** had unfairly ...

**Dismissal With Leave To Amend Granted In Limo Business ...**
https://www.lexislegalnews.com › articles › dismissal-with-leave-to-amend-gr... ▾
Jun 27, 2019 - SAN FRANCISCO — A California limo company suing **Uber** ... granting a motion to dismiss with leave to amend (**Diva Limousine**, Ltd. v. **Uber** ...

**Competitor lawsuit: Uber's contractor model is unfair competition**
https://www.cohenlevylegal.com › blog › 2018/09 › competitor-lawsuit-ub... ▾
Sep 20, 2018 - Now, a new theory has been brought forward to challenge how **Uber** and others do business. **Diva Limousine**, an **Uber** competitor, has filed suit ...

**Bijan Zoughi on Twitter: "Uber Hit With Class-Action Lawsuit ...**
https://twitter.com › divalimo › status ▾
Dec 27, 2014 - Founder, CEO of **Diva Limousine** Ltd. ( Since 1987) #DivaLife. tune in for more .... **Uber** Hit With Class-Action Lawsuit Over $1 'Safe Rides Fee' ...

**Uber accused of saving millions a year by cheating drivers ...**
https://www.benefitnews.com › articles › uber-accused-of-saving-millions-... ▾
Sep 12, 2018 - **Uber** Technologies may be cutting costs by misclassifying its California drivers as independent contractors, ... The case is **Diva Limousine** v.

**Lawsuit Alleges Uber Saved $500M by Misclassifying Its ...**
https://www.ledgerlaw.com › lawsuit-alleges-uber-saved-500m-by-misclass... ▾

Sep 13, 2018 - In a new case (**Diva Limousine** v. **Uber** Technologies Inc.), **Uber**, a legal complaint alleges that **Uber** has avoided paying hourly expenses and ...

## Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

Previous    1  2  3  **4**  5  6  7  8  9  10    Next



Sign in

"diva limousine" + "uber"

All    News    Images    Shopping    Videos    ⋮ More          Settings    Tools

Page 5 of about 811 results (0.28 seconds)

**Uber Black Just Got an Upgrade | Rides by Professional Drivers**
Ad  www.uber.com/ ▾
Rating for uber.com: 5.0 · 771 reviews
**Uber** Black is Making a New Commitment to Quality. Experience The Improvements For
Yourself. Request a Premium Car with **Uber**. Stretch Out in Comfort. Show Up in Style. Types:
UberXL, UberBLACK, UberPOOL, UberX, UberSELECT, UberSUV.

**Diva Limousine, Ltd. v. Uber Technologies, Inc. et al**
https://www.law360.co.uk › cases
Parties, docket activity and news coverage of federal case **Diva Limousine**, Ltd. v. **Uber**
Technologies, Inc. et al, case number 4:18-cv-05546, from California ...

**Competitor Suit Could Make Uber Change Labor Practices ...**
https://law.stanford.edu › press › competitor-suit-could-make-uber-change-la...
Sep 11, 2018 - **Diva Limousine**, a Los Angeles-based ride service, sued **Uber** in federal court
Monday night, claiming its flouting of labor laws gives **Uber** an ...

**Uber Misclassification Issue Now Facing Unfair Competition ...**
https://www.lawyersandsettlements.com › legal-news › california_labor_law ▾
Nov 3, 2018 - Sacramento, CA **Diva Limousine** has sued **Uber** over California labor law
violations, alleging state unfair competition. Their lawyers--who filed ...

**Lawsuit claims Uber gains $500 million from IC ...**
https://www2.staffingindustry.com › Editorial › Daily-News › Lawsuit-clai... ▾
Sep 14, 2018 - based livery service **Diva Limousine** Ltd., claims **Uber** fails to pay drivers for
breaks as required under California law and shirks employer tax ...

**Suit: Uber Saved $500M a Year by Misclassifying California ...**
https://www.insurancejournal.com › news › west › 2018/09/12 ▾
Sep 12, 2018 - **Uber** Technologies Inc. may be saving more than $500 million a year by
misclassifying its California drivers as ... The case is **Diva Limousine** v.

**Uber's misclassification of workers saves $500M a year in ...**
https://www.benefitspro.com › 2018/09/14 › uber-may-be-saving-500m-a-... ▾
Sep 14, 2018 - The lawsuit, brought on behalf of Studio City-based livery service **Diva
Limousine** Ltd., claims that **Uber's** "below-cost and anticompetitive ...

**More on Mass Individual Arbitration As an Alternative to Class ...**
https://blog.cpradr.org › 2019/02/15 › more-on-mass-individual-arbitratio... ▾
Feb 15, 2019 - Last month in California's Northern District federal court, **Uber** and Lyft ...
representing **Diva Limousine** against **Uber** in **Diva Limousine** Ltd. v.

**Login - September 14, 2018 - Axios**
https://www.axios.com › newsletters ▾
Sep 14, 2018 - **Uber** faces yet another lawsuit, this time from a ride service rival, Axios'
Driving the news: **Diva Limousine**, a California-based car service, has ...

**Did Misclassifying Drivers as Contractors Save Uber $500M ...**
https://www.bamlawca.com › california-labor-laws › did-misclassifying-dri... ▾
Nov 21, 2018 - The class action lawsuit was brought to California federal courts on behalf of
local business, **Diva's Limousine**. The suit alleges that **Uber** ...

**Uber Accused of Saving $500 Million a Year by Cheating ...**
https://www.bloomberg.com › news › articles › uber-accused-of-saving-50... ▾

Sep 11, 2018 - **Uber** Technologies Inc. may be saving more than $500 million a year by misclassifying its California drivers as independent contractors, ...

## Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

Previous        1  2  3  4  **5**  6  7  8  9  10        Next

**90049, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help      Send feedback      Privacy      Terms



"diva limousine" + "uber"

🔍 All    📰 News    🖼 Images    🛍 Shopping    ▶ Videos    ⋮ More      Settings    Tools

Page 6 of about 21,100 results (0.49 seconds)

**Uber's misclassification of workers saves $500M a year in ...**
https://www.benefitspro.com › 2018/09/14 › uber-may-be-saving-500m-a-... ▾
Sep 14, 2018 - The lawsuit, brought on behalf of Studio City-based livery service **Diva Limousine** Ltd., claims that **Uber's** "below-cost and anticompetitive ...

**More on Mass Individual Arbitration As an Alternative to Class ...**
https://blog.cpradr.org › 2019/02/15 › more-on-mass-individual-arbitratio... ▾
Feb 15, 2019 - Last month in California's Northern District federal court, **Uber** and Lyft ... representing **Diva Limousine** against **Uber** in **Diva Limousine** Ltd. v.

**Login - September 14, 2018 - Axios**
https://www.axios.com › newsletters ▾
Sep 14, 2018 - **Uber** faces yet another lawsuit, this time from a ride service rival, Axios' ... Driving the news: **Diva Limousine**, a California-based car service, has ...

**Uber Accused of Saving $500 Million a Year by Cheating ...**
https://www.bloomberg.com › news › articles ▾
Sep 11, 2018 - **Uber** Technologies Inc. may be saving more than $500 million a year by misclassifying its California drivers as independent contractors, ...

**Did Misclassifying Drivers as Contractors Save Uber $500M ...**
https://www.bamlawca.com › california-labor-laws › did-misclassifying-dri... ▾
Nov 21, 2018 - The class action lawsuit was brought to California federal courts on behalf of local business, **Diva's Limousine**. The suit alleges that **Uber** ...

**Uber Lawsuit News and Updates | TheLawFirm.com**
https://thelawfirm.com › uber-lawsuit-news-updates ▾
Past and present trial news from lawsuits against **Uber**. ... **Diva Limousine**, Ltd. has aimed to sue **Uber** on behalf of all providers of pre-arranged chauffeured ...

**Diva Limousine Employee Benefits and Perks | Glassdoor**
https://www.glassdoor.com › Benefits › Diva-Limousine-US-Benefits-EI_I... ▾
Rating: 3.5 - 2 reviews
**Diva Limousine** benefits and perks, including insurance benefits, retirement benefits, and vacation policy. Reported anonymously by **Diva Limousine** employees.

**Plaintiffs Firm Tossed From High-Profile Uber Case Gets New ...**
https://www.law.com › therecorder › 2019/04/25 › plaintiffs-firm-tossed-fro... ▾
Apr 25, 2019 - A plaintiffs firm that was disqualified from handling a high-profile lawsuit against **Uber** Technologies got a step closer to being let back into the ...

**Robins Kaplan LLP and Keller Lenkner LLC File Unfair ...**
https://www.robinskaplan.com › resources › news › robins-kaplan-llp-and-... ▾
Sep 12, 2018 - According to the complaint, **Uber** fails to meet these criteria, and must ... the California Unfair Practices Act. The case, **Diva Limousine**, Ltd., v.

**Limo firm to Uber: You misclassify your drivers as contractors ...**
https://news.bellhop.app › Art & Entertainment ▾
Sep 14, 2018 - The new case is called **Diva Limousine** v. **Uber**. Some legal experts say that the earlier decision in Dynamex may bolster an argument in this ...

**Uber Black Just Got an Upgrade | Rides by Professional Drivers**
Ad www.uber.com/ ▾
Rating for uber.com: 5.0 - 771 reviews

Uber Black is Making a New Commitment to Quality. Experience The Improvements For Yourself. Request a Premium Car with **Uber**. Stretch Out in Comfort. Show Up in Style. Types:

### Best Party Bus& Limo Service | Reserve Today

Ad www.cwlimo.com/reservations/discount ▾    (302) 232-5802

Best selection and price. Limousine and party bus rentals. Clean, safe & reliable service. Events, weddings, corporate, personal - get where you're going on time and in style. Corporate Travel Services. Flat Rate Pricing. Stretch SUVs. Voted Best In The Area.

Book A Party Bus · Stretch Limos & SUVs · Wedding & Bridal Services · Contact Us

Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

Previous    1  2  3  4  5  **6**  7  8  9  10    Next

**90049, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help    Send feedback    Privacy    Terms



"diva limousine" + "uber"

:::: All   News   Images   Shopping   Videos   ⋮ More          Settings   Tools

Page 7 of about 21,100 results (0.38 seconds)

**September 2018 Independent Contractor Misclassification ...**
https://www.jdsupra.com › legalnews › september-2018-independent-contr...
Oct 11, 2018 - As discussed in our blog post of October 1, 2018, **Diva Limousine**, Ltd., a provider ... The class action complaint alleges that **Uber** continues to ...

**Limo firm to judge: Tell us whether Uber drivers are employees ...**
https://arador.com › Tech News ▾
The proposed class-action lawsuit, known as **Diva Limousine** v. **Uber**, relies on a recently decided California Supreme Court decision that makes it more difficult ...

**Limo firm to Uber: You misclassify your drivers as contractors ...**
https://boffosocko.com › 2018/09/15 › limo-firm-to-uber-you-misclassify-...
Sep 15, 2018 - Read Limo firm to **Uber**: You misclassify your drivers as contractors, which is unfair (Ars Technica). **Diva Limousine** sues **Uber**, claims its ...

**(10188926) Limo company sues Uber to force the ... - FARK.com**
https://www.fark.com › comments › Limo-company-sues-Uber-to-force-an... ▾
Oct 9, 2018 - Limo company sues **Uber** to force the answer to one question: Is ... More: Interesting, Jury, **Diva Limousine**, Supreme Court of the United States, ...

**Limo Firm To Judge: Tell Us Whether Uber Drivers ... - Pythom**
https://pythom.com › Limo-Firm-To-Judge-Tell-Us-Whether-Uber-Drivers-...
Oct 8, 2018 - The proposed class-action lawsuit, known as **Diva Limousine** v. **Uber**, relies on a recently decided California Supreme Court decision that ...

**Brian C. Rocca - Morgan Lewis**
https://www.morganlewis.com › bios › brianrocca ▾
**Uber** Technologies Inc. — attempted monopolization; **Diva Limousine** v. **Uber** Technologies Inc. et. al — unfair competition law (UCL); Desoto Cab Company, ...

**Are Uber Drivers Employees? Cloud Looms Over Rideshare ...**
https://therideshareguy.com › uber-independent-contractor ▾
Oct 1, 2018 - The case is **Diva Limousine** v. **Uber** Technologies Inc., 18-cv-05546, U.S. District Court, Northern District of California (San Francisco)." ...

**Legal Update December | Recruiter**
https://www.recruiter.co.uk › rec › 2018/11 › legal-update-december ▾
Nov 14, 2018 - The Southern California-based **Diva Limousine** claims that **Uber** is in violation of unfair competition laws by classifying workers as independent ...

**Lawsuit Accuses Uber Of Saving $500 Million Annually By ...**
https://nathansgibson.org › lawsuit-accuses-uber-saving-500-million-annua... ▾
Sep 19, 2018 - The SFGate reports that an **Uber** competitor is suing alleging that **Uber** ... **Diva Limousine** Ltd. argues in the suit filed on Monday that the ...

**More PAID, more problems? - POLITICO**
https://www.politico.com › newsletters › morning-shift › 2018/10/10 › mo... ▾
Oct 10, 2018 - **UBER** MAY FACE CALIFORNIA CONTRACTOR TEST: California limo company **Diva Limousine** is requesting that a district court weigh in on ...

Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

Previous    2  3  4  5  6  **7**  8  9  10 11     Next

**90049, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help    Send feedback    Privacy    Terms



Sign in

Q All    📰 News    🖼 Images    🛍 Shopping    ▶ Videos    ⋮ More     Settings    Tools

Page 8 of about 811 results (0.37 seconds)

### Uber Accused Of Saving $500 Million A Year By Cheating ...
https://www.bloombergquint.com › business › uber-accused-of-saving-500... ▾
Sep 12, 2018 - The case is **Diva Limousine** v. **Uber** Technologies Inc., 18-cv-05546, U.S. District Court, Northern District of California (San Francisco).

### Cases – Gig Economy Resources
https://gigeconomyresources.com › cases ▾
2019). Berwick v. **Uber**, No. 11-46739EK, 2015 WL 4153765, at 10 (Ca. Dept. Lab. 2015). Cotter v. ... Complaint, **Diva Limousine**, Ltd. v. **Uber** Technologies, Inc.

### Judge Boots Plaintiffs Firm From Uber Case Over Lawyer's ...
https://uberlyftdrivers.com › 2019/01/09 › judge-boots-plaintiffs-firm-fro... ▾
Jan 9, 2019 - Judge Boots Plaintiffs Firm From **Uber** Case Over Lawyer's Conflict ... on behalf of Studio City-based **Diva Limousine** Ltd. The livery cab ...

### Uber accused of saving $500 million a year by cheating drivers
https://www.financialexpress.com › INDUSTRY ▾
Sep 12, 2018 - **Uber** Technologies Inc. may be saving more than $500 million a year by misclassifying its California drivers as ... The case is **Diva Limousine** v.

### Employee or independent contractor? - Plaintiff Magazine
https://www.plaintiffmagazine.com › recent-issues › item › employee-or-in... ▾
In **Diva Limousine**, Ltd. v. **Uber** Technologies, Inc. (N.D. Cal. Jan. 9, 2019) 2019 WL 144589, a livery company sued **Uber** for unfair competition, arguing that ...

### New Type of Independent Contractor Misclassification Lawsuit ...
https://independentcontractorcompliance.com › 2018/10/01 › new-type-of-... ▾
Oct 1, 2018 - **Diva Limousine**, Ltd. v. **Uber** Technologies, Inc., No. 18-cv-05546 (N.D. Cal. Sept. 10, 2018). The defendant has not yet responded to the ...

### INSIGHT: Attorney Conflicts Arising Out of Common Interest ...
https://www.u.bna.com › insight-attorney-conflicts-n57982097524 ▾
Apr 15, 2019 - Recently, in **Diva Limousine** Ltd. v. **Uber** Technologies Inc., No. 18-cv-05546-EMC, 2019 BL 8013 (N.D. Cal. Jan. 9, 2019), a putative class ...

### WILSHIRE TRANSPORTATION / ABOUT US
www.certifiedlimousine.com › about_us ▾
**Diva Limousine**. ECLS ...... **Uber** at LAX. **Uber** at the Airport. **Uber** LAX. **Uber** Reservation. Universal Studios to LAX. Universal Studios to Los Angeles. Van Nuys ...

### GCLA Ends 2015 with Holiday Meeting, New Board ...
https://www.chauffeurdriven.com › news-features › industry-news › 727-g... ▾
Dec 22, 2015 - Regional Directors: Joel Amato of Gateway Global, Gary Bauer of Bauer's Intelligent Transportation, Rick Buell of **Diva Limousine**, Darren ...

### 2321 Best Uber News images in 2019 | Uber, Uber driver ...
https://www.pinterest.com › Philip_Macafee › uber-news ▾
See more ideas about **Uber**, **Uber** driver and **Uber** ride. ... **Diva Limousine** has sued **Uber** over California labor law violations, alleging state unfair competition.

Searches related to "diva limousine" + "uber"



90049, Los Angeles, CA - From your Internet address - Use precise location - Learn more

Help     Send feedback     Privacy     Terms



Page 9 of about 811 results (0.34 seconds)

**2017 Rider List: The Top 25 Limousine Companies on Earth ...**
https://www.ridebooker.com › blog › 2017-rider-list-the-top-25-limousine... ▾
Press I Car (Barcelona, Spain) – In the current world of **Uber** and constant digital ... **Diva
Limousine** (Burbank, California) – A lot of companies talk about their ...

**Court of Appeal loosens requirements of ascertainability and ...**
https://www.lexology.com › library › detail ▾
Jan 15, 2009 - **Diva Limousine**, the California Court of Appeal reversed a trial court's denial of a
class certification motion in a wage and hour class action.

**Uber accused of cheating drivers of money | IOL Business ...**
https://www.iol.co.za › business-report › companies › uber-accused-of-che... ▾
Sep 12, 2018 - The case is **Diva Limousine** v. **Uber** Technologies Inc., 18-cv-05546, US District
Court, Northern District of California (San Francisco).

**Pink Rental Limo Prices - Arizona LIMO Rides LLC**
https://arizonalimorides.com › pink-limo-rental-prices ▾
May 7, 2019 - **Diva Limousine** Ltd. fired back at **Uber** Technologies Inc.'s motion ... "The CPUC
has never reviewed much less established its rates; therefore, ...

**Cleveland Ohio Wage And Hour Law | Scott & Winters Law ...**
https://www.ohiowagelawyersblog.com ▾
Oct 23, 2018 - The 9th Circuit Court of Appeals just ruled that **Uber** and other gig .... Act. **Diva
Limousine**, a Los Angeles ride service, claims that **Uber** ...

**Uber accused of saving $500 million per year by cheating ...**
zimtechreview.co.zw › index-id-News-story-703 ▾
Sep 12, 2018 - The case is **Diva Limousine** v. **Uber** Technologies Inc., 18-cv-05546, U.S.
District Court, Northern District of California (San Francisco).

**O'Connor v. Uber Techs., Inc. - CaseMine**
https://www.casemine.com › judgement ▾
Jun 30, 2016 - **Uber** Techs., Inc. on CaseMine. ... O'Connor alleged that **Uber** misclassified
drivers as independent ..... **Diva Limousine**, Ltd., 169 Cal. App. 4th ...

**Dennis Bender | Facebook**
https://www.facebook.com › dennis.bender.96 ▾
... George Lopez, Habitual Victory, Los Angeles Lakers, CaringBridge, Jordan High, David Starr
Jordan, Long Beach, CA, Agnes Brown, NBA, **Diva Limousine**,ldt ...

Images for "diva limousine" + "uber"



→ More images for "diva limousine" + "uber"          Report images

**Search passenger carriers regulated by California - Projects**
https://projects.scpr.org › databases › state-regulated-passenger-carriers ▾
May 7, 2013 - carrier id Psg0009090, carrier name **Diva Limousine** Ltd, carrier location ......
carrier id Psg0029201, carrier name Mgl **Uber**, carrier location ...

Searches related to "diva limousine" + "uber"

diva limousine **out of business**

diva limousine **lawsuit**

diva limousine **closed**

Previous        4  5  6  7  8  **9**  10 11 12 13        Next

**90049, Los Angeles, CA** - From your Internet address - Use precise location - Learn more

Help     Send feedback     Privacy     Terms



| News, cases, companies | Search |

[Advanced Search](#)

- [mgeibelson@robinskapla...](#)
  - [My Account](#)
  - [My Feeds and Alerts](#)
  - [My Briefcase](#)
  - [Newsletter Signup](#)
  - [Help](#)
  - [Log Out](#)



Law360 App
Portfolio Media, Inc.

[DOWNLOAD](#)



[Account](#)

| News, cases, companies |

Try our **Advanced Search** for more refined results

- [mgeibelson@robinskapla...](#)
  - [My Account](#)
  - [My Feeds and Alerts](#)
  - [My Briefcase](#)
  - [Newsletter Signup](#)
  - [Help](#)
  - [Log Out](#)

- 



- 

| News, cases, companies |

| Search | Toggle Dropdown |

- [Search Law360](#)
- [Search News Only](#)
- [Search Cases Only](#)

- Search PTAB Only
- Search TTAB Only

Advanced Search

Close

- Law360 In-Depth
- Law360 UK

- Account
- My Account
- My Feeds and Alerts
- My Briefcase
- Newsletter Signup
- Help
- Log Out
- Products
- Lexis Advance
- Law360 In-Depth
- Law360 UK
- Law360 Updates
- Beta Tools
- Track docs
- Track attorneys
- Track judges

- Adv. Search & Platform Tools
- **Browse all sections**
- Banking
- Bankruptcy
- Class Action
- Competition
- Employment
- Energy
- Expert Analysis
- Insurance
- Intellectual Property
- Product Liability
- Securities
- Rankings
- Data-Driven Lawyers
- Regional Powerhouses
- Law360's MVPs
- Glass Ceiling Report
- Global 20
- Law360 400
- Diversity Snapshot
- Practice Groups of the Year
- Rising Stars

- [Titans of the Plaintiffs Bar](#)
- Site Menu
- [Join the Law360 team](#)
- [Search legal jobs](#)
- [Learn more about Law360](#)
- [Read testimonials](#)
- [Contact Law360](#)
- [Sign up for our newsletters](#)
- [Site Map](#)
- [Help](#)

# Diva Limousine, Ltd. v. Uber Technologies, Inc. et al

[Track this case](#)

## Case Number:

3:18-cv-05546

## Court:

[California Northern](#)

## Nature of Suit:

[Other Statutory Actions](#)

## Multi Party Litigation:

Class Action

## Judge:

[Edward M. Chen](#)

## Firms

- [Keller Lenkner](#)
- [Morgan Lewis](#)
- [Robins Kaplan](#)

## Companies

- Uber Technologies Inc.

## Sectors & Industries:

- Services
  - Legal services
  - Travel Services

1. June 21, 2019

   ### Uber Must Face Unfair-Competition Suit For Now

   A California federal judge is allowing an anti-competition suit brought by a limousine company against Uber to continue, even though he said it did not sufficiently establish that the court has jurisdiction to consider the matter as a class action.

2. May 30, 2019

   ### Uber Mum On Whether Calif. Agency Can Raise Its Rates

   Uber told a California federal judge on Thursday it's exempt from a state anti-competition law as a so-called transportation network company regulated by the California Public Utilities Commission, but couldn't offer a definitive answer when the judge asked whether the agency has the power to raise Uber's rates.

3. April 25, 2019

   ### Limo Co. Fights Uber's Bid To Exit Unfair Competition Suit

   A California limousine company told a federal judge Thursday that it has properly laid out class claims alleging Uber wrongly classified its drivers as independent contractors to gain a competitive edge, arguing its suit should remain in federal court.

4. February 01, 2019

   ### Uber Gears Up For An Exit In Unfair Competition Case

   Uber Technologies Inc. has asked a judge to toss from federal court an unfair competition suit by a limousine company, saying the suit should be brought in state court because the would-be class members all hail from California.

5. January 09, 2019

   ### Uber Wins DQ Of Opposing Attys In Unfair Competition Case

A California federal judge agreed with Uber Technologies Inc. on Wednesday that a conflict of interest involving its opponents' attorneys at Keller Lenkner LLC is grounds to boot them from a case claiming the ride-hailing company misclassifies its drivers as independent contractors to gain a competitive edge.

6. November 01, 2018

### Limo Co. Says Atty Not Conflicted, Slams Uber DQ Bid

A California limousine company suing Uber for misclassifying its drivers as independent contractors to gain a competitive edge told a federal court Wednesday that there's no cause for disqualifying its attorneys at Keller Lenkner LLC for previously collaborating with Uber — but not actually representing Uber — in other matters.

7. October 25, 2018

### Uber Says Limo Co.'s Counsel Is Conflicted, Wants DQ

Uber Technologies Inc. on Wednesday asked a California federal court to disqualify Keller Lenkner LLC from representing a proposed class accusing the ride-hailing company of unfairly stealing business from traditional taxi companies, saying one of the firm's attorneys previously worked closely with Uber.

8. October 09, 2018

### Limo Co. Says Uber Drivers Are Employees Under Dynamex

A California limousine company told a federal court Friday that the state's newly adopted Dynamex standard for distinguishing between independent contractors and employees will show that Uber Technologies Inc. has misclassified its drivers to get a competitive edge over traditional taxicabs and limousine companies.

9. September 11, 2018

### Limo Co. Accuses Uber Of Unfair Prices, Underpaying Drivers

A limousine company has filed a proposed class action against Uber Technologies Inc. in California federal court alleging that the ride-sharing service has unfairly stolen business from traditional cab companies by low-balling its drivers' wages and unfairly steering clear of the required costs of doing business.

 

© 2019, Portfolio Media, Inc. About | Contact Us | Legal Jobs | Careers at Law360 | Terms | Privacy Policy | Cookie Policy | Help | Site Map

×

**Add this to my briefcase**

New Folder Name - Requ

OR SELECT FROM



[Add Now](#)   Cancel

×

**Enter Client Code**

1. Client: *(Code)*\*  [                    ]

Cancel   Skip   Save

×

**Track this case**

# Diva Limousine, Ltd. v. Uber Technologies, Inc. et al

**You will be tracking all:**

News Coverage, Answers, Appeals, Complaints, Motions, Orders, Trial Notes

[Continue](#)   Cancel

# EXHIBIT C

# ROBINS KAPLAN LLP®

**REWRITING THE ODDS**

LAWYERS    RESULTS    FIRM    SERVICES    RESOURCES    OFFICES    CAREERS

Resources > News >

**Robins Kaplan LLP and Keller Lenkner LLC File Unfair Competition and Unfair Practices Act Suit Against Uber on Behalf of California Transportation Companies**

## RESOURCES

Articles
Blogs
Events
Legal Updates
**News**
Press Room
Video Library
Webinars

## PRACTICE GROUPS

Class Action Litigation

🖶 Print

# Robins Kaplan LLP and Keller Lenkner LLC File Unfair Competition and Unfair Practices Act Suit Against Uber on Behalf of California Transportation Companies

*September 12, 2018*

 

National trial law firms Robins Kaplan LLP and Keller Lenkner LLC announced today that they have filed a class action lawsuit against Uber seeking injunctive relief and damages on behalf of California limousine operators and other transportation companies for Uber's violations of California's Unfair Competition Law and Unfair Practices Act.  The suit alleges that Uber misclassifies its drivers as independent contractors rather than employees to improperly reduce its costs and create an unlawful competitive advantage over other transportation providers.

California law has clear standards for classifying individuals as independent contractors: Contractors must be free from the direction and control of the hiring entity, they must not perform work that comprises the hirer's core business, and they must take customary steps to establish and promote their own business. According to the complaint, Uber fails to meet these criteria, and must therefore classify its drivers as employees.

Uber's alleged misuse of the independent-contractor classification creates enormous disparities in costs. By classifying drivers as contractors, the complaint alleges, Uber avoids paying for benefits and providing protections to which California employees are entitled under state and federal law, including the reimbursement of expenses, minimum wage, overtime, meal and rest breaks, workers' compensation insurance, unemployment insurance, health insurance, and the

## RELATED LINKS

Michael Geibelson

Aaron Sheanin

employer's share of Social Security and Medicare taxes. In this way, the complaint alleges, Uber saves more than $9 per hour in expenses and benefits for each driver, resulting in over $250 million in annual savings in its California operations alone.

The lawsuit states that these cost savings provide an unlawful competitive advantage for Uber, as the company classifies its workers as contractors in an effort to price existing transportation providers out of the market.

"Our clients allege that Uber, throughout its history, has improperly transferred the costs of doing business onto the shoulders of its drivers, and has used that price advantage as a weapon to force competitors out of the market," said Michael Geibelson, managing partner of Robins Kaplan's Silicon Valley and Los Angeles offices. "At the same time, according to our clients' complaint, Uber has been hemorrhaging money, and selling rides at a loss in violation of California law. Our clients' complaint alleges that Uber must provide what it owes under California law – a fair wage for its drivers and an even playing field for its competitors," said Ashley Keller, founding partner of Keller Lenkner.

The plaintiffs seek injunctive relief and an estimated $1 billion in remedies under California's Unfair Competition Law and the California Unfair Practices Act. The case, *Diva Limousine, Ltd., v. Uber Technologies, Inc.; Rasier, LLC; Rasier-CA, LLC, Uber USA, LLC, and UATC, LLC,* was filed in the U.S. District Court for the Northern District of California. The team also includes Robins Kaplan attorneys Aaron Sheanin and Tai Milder, and Keller Lenkner attorneys Warren Postman, Seth Meyer, and Tom Kayes.

LAWYERS
RESULTS
FIRM
SERVICES
RESOURCES
OFFICES
CAREERS

CLIENT EXTRANET
SITE MAP
LEGAL NOTICE
PRIVACY POLICY
TERMS & CONDITIONS

CONNECT WITH US

CONTACT US | 800.553.9910

Full Name *

Email *

Phone *

How can we help you? *


SUBMIT

© Copyright 2019 Robins Kaplan LLP Law Firm All Rights Reserved. Attorney Advertising. Prior Results Do Not Guarantee A Similar Outcome.

# EXHIBIT D



Print Now

**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Uber Must Face Unfair-Competition Suit For Now          Remove

By **Khorri Atkinson**

Law360 (June 21, 2019, 6:25 PM EDT) - A California federal judge is allowing an anti-competition suit brought by a limousine company against Uber to continue, even though he said it did not sufficiently establish that the court has jurisdiction to consider the matter as a class action.

U.S. District Judge Edward M. Chen on Thursday threw out Uber Technologies Inc.'s bid to dismiss the proposed class action. Uber argued that the limousine company, Diva Limousine Ltd., failed to meet the standard under the Class Action Fairness Act that requires at least one of the would-be plaintiffs to be a citizen of a state other than California or Delaware, where Uber is headquartered and incorporated.

However, Judge Chen said Diva has 30 days to amend its case with "new facts establishing minimal diversity" among the plaintiffs.

The lawsuit claims that classifying drivers as independent contractors allowed the ride-hailing giant to generate massive cost savings. By doing so, Uber avoids paying drivers minimum wage, overtime and other employee benefits not afforded to contractors, giving it an advantage, according to the suit.

The limousine company wants to represent businesses providing prearranged limousine and chauffeur-driven ground transportation services for nonshared rides in California. About half of the would-be class members are in the state and the others would be from out-of-state affiliates, Diva had said. But Judge Chen found that Diva had not sufficiently demonstrated that any of the out-of-state affiliates are based in other states besides Delaware.

This is "insufficient to establish minimal diversity," he said.

Judge Chen also dismissed the limousine company's bid for partial summary judgment seeking to force Uber to classify its drivers as employees in California, finding that it's too early in the litigation to issue such a decision.

And allegations that Uber's pricing scheme violates California's Unfair Practices Act were also tossed out.

The judge contended that the company "cites no authority — legislative history" to bolster its

claims that the California Public Utilities Commission, which regulates transportation network companies like Uber, indeed has the power to set prices for Uber rides.

Furthermore, Diva should site "specific facts" in its amended claim to show that Uber's ability to classify drivers as contractors is an "anticompetitive conduct to accomplish the monopolization." By allowing Diva to amend this claim, Judge Chen rejected Uber's request to toss the allegation.

An attorney representing Uber declined to comment Friday.

Despite the judge's objections to some of Diva's assertions, an attorney representing the company lauded the court's decision to allow the case to proceed.

"Uber willfully engages in unlawful and unfair business practices by treating its California drivers as independent contractors," said Aaron M. Sheanin of Robins Kaplan LLP. "Uber must compensate them as employees. We're pleased that the court is allowing us to move forward on our unfair competition claim, and we intend to litigate the case vigorously."

Diva Limousine and the proposed class are represented by Michael A. Geibelson and Aaron M. Sheanin of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Editing by Kelly Duncan.

Next article

# Uber Mum On Whether Calif. Agency Can Raise Its Rates

Remove

By **Hannah Albarazi**

Law360 (May 30, 2019, 9:40 PM EDT) - Uber told a California federal judge on Thursday it's exempt from a state anti-competition law as a so-called transportation network company regulated by the California Public Utilities Commission, but couldn't offer a definitive answer when the judge asked whether the agency has the power to raise Uber's rates.

U.S. District Judge Edward M. Chen wants to know whether the CPUC has anti-competitive power over public utilities and whether it can set Uber's rates. He asked both parties to provide him with information on whether the CPUC has the authority to consider anti-competitive concerns regarding the prices of public utilities.

Counsel for Uber said Thursday they weren't in court to take a position on whether or not Uber thinks the CPUC can or should set its rates.

Uber said the CPUC requires transportation network companies, or ride-hailing services, to submit detailed annual reports for amounts paid for each ride and submit to the CPUC how it calculates fares. Uber also told Judge Chen that the California Constitution gives the CPUC discretion as to whether to set rates or not for public utilities in general.

Judge Chen said if the CPUC is responsible for enforcing anti-competitive prophylactic measures, then perhaps the issue is not the court's business.

At the moment, Judge Chen said, the parties are operating "in a twilight zone" with a lot of ambiguity.

Diva Limousine Ltd. sued Uber last year for $1 billion claiming Uber's classification of drivers as contractors has generated massive cost savings that provide the ride-hailing giant with an unlawful competitive advantage that lets it price existing transportation providers out of the market.

Diva **claims** Uber's pricing scheme violates the California Unfair Practices Act, telling Judge Chen that Uber is attempting to engage in monopolistic practices by underpaying its drivers.

But Uber **denied** those allegations and told the judge that those claims are "fundamentally defective" and "dead on arrival."

Uber says it's exempt from the California Unfair Practices Act because ride-hailing services are regulated by the CPUC.

As a business competitor leveling accusations of misclassification against Uber, Diva is seeking to sidestep the fate of other misclassification lawsuits launched by Uber drivers that have largely been dismantled after courts upheld the validity of Uber's arbitration agreements with its drivers.

Diva says it launched the suit on behalf of businesses that earn revenue by providing prearranged limousine and chauffeur-driven ground transportation services for nonshared rides in California. About half of the would-be class members are in California, but the other half would include out-of-state affiliates that earn revenue by referring business to California-based firms, Diva said.

Diva insists it has sufficiently established that the Northern District of California has subject matter jurisdiction under the Class Action Fairness Act. Diva says numerous class members are neither citizens of California nor Delaware, where Uber is headquartered and incorporated, therefore satisfying minimal diversity.

Uber had pushed for dismissal by arguing that CAFA requires diversity across state lines to establish jurisdiction, but both the limo company and the ride-hailing giant are based in California — although Uber, like many companies, is incorporated in Delaware.

Uber maintains that it's not enough for Diva to contend that some class members are citizens of other states.

Judge Chen agreed that Diva has only inferred that there is at least one out-of-state class member and said that if he decides to grant Uber's motion to dismiss, he would also give Diva leave to amend.

Diva Limousine and the proposed class are represented by Michael A. Geibelson and Aaron M. Sheanin of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by Linda Chiem. Editing by Bruce Goldman.

Next article

## Limo Co. Fights Uber's Bid To Exit Unfair Competition Suit

Remove

By **Linda Chiem**

Law360 (April 25, 2019, 7:28 PM EDT) - A California limousine company told a federal judge Thursday that it has properly laid out class claims alleging Uber wrongly classified its drivers as independent contractors to gain a competitive edge, arguing its suit should remain in federal court.

Diva Limousine Ltd. fired back at Uber Technologies Inc.'s **motion to dismiss** the suit and have it kicked to state court, insisting it has sufficiently established that the Northern District of California has subject matter jurisdiction under the Class Action Fairness Act.

Diva says it launched the suit on behalf of businesses that earn revenue by providing prearranged limousine and chauffeur-driven ground transportation services for non-shared rides in California. About half of the would-be class members are in California, but the other

half would include out-of-state affiliates that earn revenue by referring business to California-based firms, Diva said in Thursday's opposition.

"Although Uber asserts that plaintiff has not alleged minimal diversity, common sense confirms most limousine and sedan companies are local in nature, and are generally incorporated in the states where they operate," Diva said. "The complaint's detailed allegations and the evidence back this up. Numerous class members are neither citizens of California nor Delaware, where Uber is headquartered and incorporated. Thus, plaintiff easily satisfies minimal diversity."

Uber had pushed for dismissal by arguing that CAFA requires "diversity" of jurisdiction across state lines, but both the limo company and the ride-hailing giant are based in California — although Uber, like many companies, is incorporated in Delaware. It's not enough for Diva to contend some class members are citizens of other states, Uber maintained.

But Diva called that argument "a last-gasp effort to deprive the court of jurisdiction under CAFA by trying to defeat the Unfair Competition Law claims of non-California class members, but that too fails," according to its opposition brief.

"Uber's theory — that the court only has 'hypothetical' jurisdiction, because the complaint does not identify a specific class member who is neither a citizen of California nor Delaware — defies common sense," Diva said.

Diva also ripped Uber's argument that it is exempt from the California Unfair Practices Act because ride-hailing services, or so-called transportation network companies, are regulated by the California Public Utilities Commission.

"The CPUC has never reviewed much less established its rates; therefore, Uber's below-cost pricing is not exempt from the UPA," Diva said.

Diva alleged "Uber's predatory and loss-leader pricing" violates the Unfair Practices Act. The UPA is meant "to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition, by prohibiting unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or prevented."

The duel over Uber's motion to dismiss follows U.S. District Judge Edward M. Chen's January ruling **disqualifying** Diva's original lead attorneys at Keller Lenkner LLC from pursuing the lawsuit. Judge Chen based his disqualification ruling on Keller Lenkner attorney Warren Postman's previous stint as a senior attorney and then chief counsel for appellate litigation at the U.S. Chamber of Commerce's Litigation Center.

While with the Chamber, Postman had communicated and collaborated with Uber's in-house and outside legal teams in separate litigation involving federal preemption and antitrust issues, including a **challenge** to a Seattle **ordinance** letting app-based, ride-hailing drivers bargain collectively. Diva unsuccessfully argued that **there was no conflict** tied to Postman's previous work.

Diva had first **launched suit** in September claiming Uber's classification of drivers as

contractors has generated massive cost savings that provide the ride-hailing giant with an unlawful competitive advantage that poises it to price existing transportation providers out of the market.

As a business competitor leveling accusations of misclassification against Uber, Diva is seeking to sidestep the fate of other misclassification lawsuits launched by Uber drivers that have largely been **dismantled** after courts upheld the validity of Uber's arbitration agreements with its drivers.

Diva's attorneys and representatives for Uber were not immediately available for comment on Thursday.

Diva Limousine and the proposed class are represented by Michael A. Geibelson and Aaron M. Sheanin of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by Bryan Koenig and John Petrick. Editing by Amy Rowe.

Next article

# Ex-Uber Rival Fights To Keep Quinn Emanuel In Antitrust Row *Remove*

By **Linda Chiem**

Law360 (April 8, 2019, 6:34 PM EDT) - A ride-hailing startup alleging Uber drove it out of business told a California federal judge Friday its legal team at Quinn Emanuel Urquhart & Sullivan LLP properly separated this case from other cases in which the firm has represented Uber.

SC Innovations Inc., the successor to Sidecar Technologies Inc., continued to argue against Uber Technologies Inc.'s bid to disqualify its legal team, objecting to what it described as a veiled attempt by Uber's attorneys at Gibson Dunn & Crutcher LLP to offer "new evidence" **to disqualify** Quinn Emanuel from representing Sidecar in the antitrust case.

Sidecar said Monday that Cynthia Richman, co-partner-in-charge of Gibson Dunn's

Washington, D.C., office, recently filed an attorney declaration providing a "secondhand account" of communications between Quinn Emanuel founding partner John Quinn and Gibson Dunn partner Ted Boutrous, who heads up the legal team representing Uber in this case.

It was an attempt by Richman "to suggest that Mr. Quinn did not comply with the obligations under the ethical wall implemented by Quinn Emanuel" and "suggests that Mr. Quinn inserted himself in a 'meet and confer' concerning the substance of Sidecar's action," according to Sidecar.

"That is not true," Sidecar said, insisting Richman's declaration be stricken as inadmissible hearsay because it violates the court's best evidence rule.

"Had the letter referenced in Ms. Richman's declaration been submitted for the court's consideration (instead of Ms. Richman's version of it), it would be obvious that there was no 'meet and confer' regarding, for example, discovery or any other substantive topic related to the underlying action between Sidecar and Uber," Sidecar said in its filing. "Rather, Mr. Quinn's letter addressed only Uber's allegations of a purported ethical conflict on the part of Quinn Emanuel, which Mr. Quinn, as managing partner of the firm, addressed personally."

"Ms. Richman's inadmissible submission notwithstanding, Mr. Quinn has abided by the ethical wall and has not had any involvement in any substantive aspect of Sidecar's case," Sidecar added.

Sidecar, which **kicked off** its suit against Uber in December, has maintained that **there's no conflict of interest** because Quinn Emanuel previously represented Uber only in cases related to Uber's compliance with local government taxicab regulations, not cases involving antitrust claims, according to its March opposition brief.

Yet, out of an abundance of caution, Quinn Emanuel put up an ethical wall barring attorneys who represented Uber in those other cases from disclosing any Uber information to the Sidecar legal team, according to the opposition brief.

Uber and its legal team at Gibson Dunn have argued that Quinn Emanuel has had a long history as the ride-hailing giant's counsel, having defended Uber and its affiliates in at least 20 cases from 2012 to 2016. Most of those cases covered issues that overlap with those raised in Sidecar's instant suit against Uber, so Quinn Emanuel had access to confidential information that's relevant to this dispute. There's clearly a conflict of interest, they say.

"Quinn Emanuel's representation of SCI offends the two ethical duties owed by counsel in any attorney-client relationship: the duty of confidentiality and the duty of 'undivided loyalty,'" Uber said in its Feb. 15 disqualification motion. "The 'scrupulous administration of justice and the integrity of the bar' cannot tolerate Quinn Emanuel's conduct."

In a March 29 reply brief further supporting the motion, Uber called out Quinn Emanuel for resorting to "deflection" and "hair-splitting" in the face of overwhelming evidence of the firm's glaring conflict of interest.

"But neither its transparent maneuvering nor pinched understanding of the ethical rules alters the inexorable conclusion that Quinn Emanuel's disqualification is mandated in this case,"

Uber said.

The company also slammed Quinn Emanuel for trying to throw a "red herring" into the mix by insinuating in its court filings that Uber withheld confidential and privileged documents to obscure the nature of the relationship with Quinn Emanuel or conceal "that John Quinn billed less than 30 hours to Uber over a multiyear period." That argument "borders on the absurd," Uber said in its reply brief.

A hearing on Uber's motion for Quinn Emanuel's disqualification is set for April 26, according to court records.

General Motors bought Sidecar's technology and most of its assets in January 2016. SC Innovations is the assignee of certain Sidecar litigation rights, according to court filings.

In a Dec. 11 blog post on Medium, SC Innovations CEO Sunil Paul explained that the decision to sue Uber was about championing transportation innovation and holding Uber accountable for its anti-competitive behavior.

"If Uber had won the ride-hailing market on a level playing field, we would have been disappointed, but that's something we could have lived with. That's not what happened," Paul wrote in the post. "Instead of competing on the merits, Uber used a number of tactics that are against the law to drive Sidecar out of business. Uber took illegal steps to undermine Sidecar and other competitors, while it planned all along to raise prices for consumers once it had secured a dominant market position."

Uber has countered that it wasn't responsible for Sidecar's demise.

"Ride-sharing is a highly competitive industry, with many players coming and going over the years — like Sidecar, not all have survived," Uber said in a statement after Sidecar's suit was filed. "Sidecar's lawsuit has it backwards: new competitors, along with low prices, benefit consumers and reflect the exact type of competition that the antitrust laws are meant to protect. We believe the timing of this complaint, filed three years after Sidecar went out of business, is not a coincidence."

Meanwhile, Uber has successfully booted its opponents' counsel before. In a separate case in January, Uber won a **bid to disqualify** Keller Lenkner LLC from representing a California limousine company **accusing** Uber of misclassifying its drivers as independent contractors to gain a competitive edge.

Uber got Keller Lenkner **ousted** based on attorney Warren Postman's previous stint as a senior attorney and then chief counsel for appellate litigation at the U.S. Chamber of Commerce's Litigation Center. While with the Chamber, Postman had communicated and collaborated with Uber's in-house and outside legal teams in separate litigation involving federal preemption and antitrust issues as well as other business regulatory topics that Diva Limousine Ltd. had **argued** had no bearing on the misclassification claims in its suit.

Attorneys for SC Innovations and Uber declined to comment on Monday.

SC Innovations Inc. is represented by Robert P. Feldman, Claude M. Stern, Ethan Glass and

Michael Domenic Bonanno of Quinn Emanuel Urquhart & Sullivan LLP.

Uber is represented by Theodore J. Boutrous Jr., Daniel G. Swanson, Cynthia E. Richman and Kevin Yeh of Gibson Dunn & Crutcher LLP.

The case is SC Innovations Inc. v. Uber Technologies Inc. et al, case number 3:18-cv-07440, in the U.S. District Court for the Northern District of California.

--Additional reporting by Mike LaSusa, Andrew Strickler and Michelle Bocanegra. Editing by Jay Jackson Jr.

Next article

## Don't DQ Quinn Emanuel In Uber Case, Defunct Rival Says

<span style="float:right">Remove</span>

By **Mike LaSusa**

Law360 (March 18, 2019, 6:50 PM EDT) - A defunct ride-hailing startup accusing Uber of having driven it out of business asked a California federal court on Friday to let it keep Quinn Emanuel Urquhart & Sullivan LLP as counsel, saying the firm's previous work counseling Uber in cases related to taxi regulations has nothing to do with the current antitrust case.

SC Innovations Inc., the successor to Sidecar Technologies Inc., fired back on Friday against Uber Technologies Inc.'s February bid to disqualify Quinn Emanuel.

The now-shuttered ride-hailing company said Uber couldn't show that its former counsel had any information that would offer an unfair advantage in the litigation.

"A comparison of those taxicab cases and the Sidecar case shows that one would not expect that Quinn Emanuel obtained information in the taxicab regulation cases that would be material to Sidecar's Ride-Hailing App case," Sidecar said in its Friday filing. "They were about local government taxicab regulations and had nothing to do with ride-hailing apps or the specific allegations in Sidecar's complaint."

Sidecar Technologies Inc. launched a ride-hail app in 2012 and folded two years later. In its Dec. 11 complaint, the company said Uber and its senior executives were "hell-bent" on becoming a monopoly and had undercut their business with predatory pricing and deploying fake ride requests that busied rival drivers before the rides were canceled.

Uber telegraphed its intention to try to disqualify Quinn Emanuel **in a January filing**, and

followed up with a formal request in February. The San Francisco-based company said the Los Angeles-headquartered law firm had violated ethical rules by taking on a one-time competitor as a client.

"Quinn Emanuel served as one of Uber's closest legal advisors, counseling the company and its senior executives on the very same conduct that it now asserts is illegal on behalf of a client adverse to Uber," Uber said in the February filing. "Quinn Emanuel's representation of SCI offends the two ethical duties owed by counsel in any attorney-client relationship: the duty of confidentiality and the duty of 'undivided loyalty.'"

A hearing on Uber's motion for Quinn Emanuel's disqualification is set for April 26, court records show.

In a separate case in January, Uber **won a bid** to disqualify its opponents' attorneys at Keller Lenkner LLC, claiming the law firm's previous work for Uber would give its rivals an unfair advantage in the case alleging the ride-hailing company misclassifies its drivers as independent contractors to gain a competitive edge.

The company suing Uber, California-based Diva Limousine Ltd., had argued against disqualifying Keller Lenkner based on Diva attorney Warren Postman's previous stint as a lawyer at the U.S. Chamber of Commerce Litigation Center, where he had communicated and collaborated with Uber's in-house and outside legal teams regarding separate litigation over a city ordinance in Seattle. Postman was never Uber's lawyer, none of those conversations were privileged and there is no conflict of interest, Diva said.

U.S. District Judge Edward M. Chen disagreed, saying it didn't matter that Uber never entered into a formal attorney-client relationship with Postman.

SC Innovations and Uber both declined to comment on Monday.

SC Innovations Inc. is represented by Robert P. Feldman, Claude M. Stern, Ethan Glass and Michael Domenic Bonanno of Quinn Emanuel Urquhart & Sullivan LLP.

Uber is represented by Theodore J. Boutrous Jr., Daniel G. Swanson, Cynthia E. Richman and Kevin Yeh of Gibson Dunn & Crutcher LLP.

The case is SC Innovations Inc. v. Uber Technologies Inc. et al, case number 3:18-cv-07440, in the U.S. District Court for the Northern District of California.

--Additional reporting by Linda Chiem and Andrew Strickler. Editing by Peter Rozovsky.

Next article

# Lyft Ends Bid To DQ Ex-US Chamber Atty Repping Drivers

Remove

By **Andrew Strickler**

Law360 (March 4, 2019, 7:54 PM EST) - Ride-hail giant Lyft dropped a federal suit Friday that had sought to block a former in-house counsel at the U.S. Chamber of Commerce and his new firm, Keller Lenkner LLC, from representing drivers in thousands of employment classification arbitrations against the company.

In a brief notice to U.S. District Judge Edward M. Chen in San Francisco, Lyft said it was dismissing without prejudice its complaint against attorney Warren Postman and the Keller firm.

The moves comes the same day the Keller firm withdrew another federal case in Northern California, known as Victoria Abarca et al. v. Lyft, through which more than 3,400 Lyft drivers were trying to push Lyft to arbitrate their driver misclassification claims.

Another group of nearly 100 drivers the Keller firm represented, who sued Lyft in the same court in December over misclassification and overtime claims, also dismissed their suit on Friday.

In a preemptive move seeking to block Postman from being involved in **thousands of individual driver claims** headed to arbitration, Lyft argued in its complaint that Postman had been directly involved in suits brought by the chamber in Seattle challenging a "for-hire" driver collective-bargaining ordinance.

Lyft had agreed to back the chamber in that case, creating what the company later argued was a relationship that precluded Postman from representing drivers after he jumped to the Keller firm.

The dismissals also come weeks after Lyft's primary business rival, Uber Technologies Inc., **successfully argued to Judge Chen** in a separate but similar case brought by California-based Diva Limousine Ltd. that Postman's work at the chamber likely exposed him to information about Uber's business and legal approach to driver classification issues.

The Lyft complaint and a request for preliminary injunction were filed in mid-November, and the defendants had not yet filed a substantive response. Lyft withdrew its injunction motion Feb. 1.

Travis Lenkner of Keller Lenkner declined to comment Monday, as did Lyft counsel R. James Slaughter of Keker Van Nest & Peters LLP.

The Keller firm is represented by Michael John Guzman, Julia Leslie Haines, Collin R. White and Geoffrey M. Klineberg of Kellogg Hansen Todd Figel & Frederick PLLC, Thomas Kayes of Keller Lenkner LLC and Eric Marc George, Carl Alan Roth and Matthew Lawrence Venezia of Browne George Ross LLP.

Lyft is represented by Rachael Elizabeth Meny, R. James Slaughter and Ian Asher Kanig of Keker Van Nest & Peters LLP.

The case is Lyft Inc. v. Warren Postman and Keller Lenkner LLC, case number 3:18-cv-06978, in the U.S. District Court for the Northern District of California.

--Additional reporting by Mike LaSusa. Editing by Amy Rowe.

Next article

---

# 5 Recent DQ And Atty Conflict Decisions To Know     <span style="color:gray">Remove</span>

By **Andrew Strickler**

Law360 (February 21, 2019, 7:28 PM EST) - The law around conflicts of interest and disqualifications is always expanding, and succeeding at preventing an unexpected departure from your case — or showing someone else the door — takes a lot of homework.

In the past few months alone, courts have penned notable decisions on attempts to block lawyer hires by bankruptcy trustees, conflicts stemming from an executive-turned-lawyer, and on the ever-popular "substantial relationship" test.

Here are five recent decisions to know about conflicts and disqualifications.

**High Bar for Objecting to Trustee Lawyer Hires**

Last summer, the Fifth Circuit shed some light on a question of standing to disqualify a trustee's hired counsel in a federal bankruptcy case.

The issue arose from the Chapter 7 of air conditioner manufacturer Technicool Systems Inc., and a disagreement between the trustee and the company owner after he formed similar entities.

According to the order, the owner objected to the trustee's application to hire Houston firm Stacy & Baker PC to help "pierce the veil" of the new ventures. The owner argued that the Stacy firm also represented Technicool's primary debtor in a fraud and breach-of-warranty suit that was frozen upon the Technicool bankruptcy filing. That relationship might lead to a concealment of problems with the debtor's claims, and by extension hurt his chances to recover any surplus from the bankruptcy, he said.

A bankruptcy judge and a district court ruled for the trustee, reasoning that the owner did not have standing to object to the retention, because he was not a creditor, according to the July

16 order.

In a unanimous opinion penned by Circuit Judge Don R. Willett, the court affirmed that call. While bankruptcy courts are not "Article III creatures" beholden to normal standing requirements, that doesn't mean any disgruntled party can appeal every order "willy-nilly," the court said. Also, the owner's own pecuniary interests were just too speculative, the court said. And a lower bar for standing to bring this kind of objection would also open up bankruptcy courts to too many parties with varying interests.

"Allowing each and every party to appeal each and every order would clog up the system and bog down the courts," Judge Willett said. "Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited."

The case is In the Matter of Technicool Systems Inc., case number 2018 WL 3429943, in the U.S. Court of Appeals for the Fifth Circuit.

**Prior Adversity Conflict Argument Falls Flat**

A New York federal court this month untangled an alleged "successive representation" conflict knot in a suit brought by a now-disbarred patent attorney against his ex-wife and a group of lawyers.

In the end, the court ruled against plaintiff Anthony Zappin, saying that the fact that Rivkin Radler LLP had represented Zappin's former lawyers in a malpractice suit stemming from the same matrimony dispute as his present case doesn't translate into a disqualifying conflict. U.S. District Judge Robert W. Sweet also concluded that Zappin failed to explain what information the firm might have from the malpractice case that would "taint" the current suit.

Early last year, Zappin, formerly of Mintz Levin Cohn Ferris Glovsky and Popeo PC, sued his ex-wife, her attorneys, and a lawyer appointed by the court to represent their child in their divorce case. The suit alleges the group conspired to exploit court proceedings to "churn" legal fees and otherwise damage Zappin.

During the proceedings, Zappin sought to disqualify the Rivkin firm from representing the court-appointed lawyer. His conflict theory was based on the fact that the firm had represented his former lawyers at Aronson Mayefsky & Sloan LLP, which Zappin had sued for malpractice in 2014 in connection with work at a previous stage of his divorce matter, according to the decision. The firm would then have confidential information that could be used to hurt him in the current suit, he argued.

Judge Sweet said that argument didn't hold water under the "successive relationship" conflict test, and rejected "speculative" arguments that an opposing counsel from a previous case could damage him now and thus required a disqualification.

"In fact, courts have rejected this precise premise," Judge Sweet said. "Zappin's 'heavy burden' of proof is not met by allegations such as these."

Zappin was disbarred in New York last year for what a state appeals court called **"outrageous acts of misconduct"** that included violence against his ex-wife, flouting court

orders and filing baseless complaints.

The case is Anthony Zappin v. Claire Comfort et al., case number 1:18-cv-01693, in the U.S. District Court, Southern District of New York.

## Not a Lawyer, But Still a Conflict

A California appeals court recently concluded that a firm should be disqualified from a defamation and contractual interference suit, because the firm owner had knowledge of issues at play in the case from the time before he was a lawyer.

The Second Appellate District overturned a trial court decision to allow Richie Litigation PC to continue representing Joseph Ra, a former executive with luxury vehicle dealership O'Gara Coach Co. LLC, in a suit against the company.

In a published opinion, the panel said that while Richie Litigation founder Darren Richie hadn't been a lawyer while he worked at O'Gara — he didn't take the bar until after he left the company in 2016 — Richie still served as a company contact with outside counsel on a number of legal matters, including on issues of alleged misconduct by Ra.

The panel agreed that the trial court properly rejected O'Gara Coach's disqualification argument for the Richie firm based on an improper successive representation theory. But the lower court erred when it failed to disqualify the firm for the broader threat that Richie's knowledge as a former O'Gara executive brought to case.

"[N]ow that Richie is a member of the California State Bar, O'Gara Coach is entitled to insist that he honor his ethical duty to maintain the integrity of the judicial process by refraining from representing former O'Gara Coach employees in litigation against O'Gara Coach that involve matters as to which he possesses confidential information," the court said.

The case is O'Gara Coach Co. LLC v. Ra, case number B286730, in the Court of Appeal of the State of California, Second Appellate District, Division Seven.

## Uber Flags Down a Conflict

Ride-hailing giant Uber Technologies Inc. **won a conflict argument** in recent weeks, with a federal judge in California agreeing that a former U.S. Chamber of Commerce attorney now at Keller Lenkner LLC, counsel for plaintiff Diva Limousine Ltd., should be disqualified from Diva's employee classification case.

The dispute focused on the role of attorney Warren Postman, a former in-house lawyer at the Chamber. Postman was a senior attorney at the Chamber's Litigation Center, where he worked with Uber's in-house and outside legal teams, before he jumped to the Keller firm last summer and began representing Diva.

Uber contended that Postman had represented the Chamber in a case challenging a Seattle ordinance that allowed ride-hailing, app-based drivers to unionize, which the Chamber brought with Uber as co-plaintiff. That litigation was "substantially related" to the subject matter in the current case, as it dealt with classification of drivers as independent contractors,

Uber said.

"Mr. Postman's own bio on the Keller Lenkner website highlights the ethical trap, as it touts the 'unique insight' he gained by '[w]orking closely with senior in-house lawyers at some of the world's largest companies,' while at the Chamber," Uber told the California federal court.

Uber had a "common interest" agreement with the Chamber in the Seattle matter, and Postman had access to privileged information even though he wasn't the counsel of record in that litigation, the ride-hailing giant said.

Diva and Keller Lenkner in turn argued that Postman was never Uber's lawyer, none of those conversations were privileged and there's simply no conflict of interest.

In his Jan. 9 opinion, U.S. District Judge Edward M. Chen agreed with Uber that Postman's work at the Chamber on legal strategic issues related to Uber was "extensive," as were his communications with Uber lawyers.

Postman's work with the Chamber would likely have exposed him to sensitive information about Uber's business practices and legal strategies with regard to its classification of drivers as independent contractors, the key issue in the suit brought by Diva, according to Judge Chen. Because of the "substantial relationship" between that aspect of the two cases, Judge Chen said, Postman and Keller Lenkner should be kicked off the Diva suit.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

## No "Free-Ranging" Court Authority Over Overseas Counsels

A Connecticut federal judge overseeing a litigation arising from the bankruptcy of Irish real estate developer Sean Dunne said he had no "free-ranging" power to block a trustee from hiring an overseas counsel.

Dunne, who at one time had a reported net worth of more than $900 million, foundered in the financial crisis and filed for bankruptcy in his adopted home state of Connecticut in 2013, according to court records. He was also hit with a $235 million judgment in favor of a government-sponsored entity in Ireland and allegations of fraudulent transfers and asset hiding.

Last year, U.S. District Judge Jeffrey A. Meyer granted a request from the trustee, Richard Coan, to consolidate a removed state case brought by the Irish entity, known as the National Asset Loan Management Ltd., and an adversarial action in the ongoing bankruptcy case.

With a trial scheduled for May, Coan asked for leave to hire Ireland's AMOSS Solicitors for guidance on parallel proceedings taking place in that country and to hire Connecticut firm Updike Kelly & Spellacy PC for "as needed" counsel and for an appeal strategy in the U.S.

In a Jan. 22 order, Judge Meyer agreed with Dunne that the Updike retainer was improper, as the firm has a conflict from a prior representation of a defendant in the current case. But the judge said he would OK the AMOSS hire, despite a defense argument that a consultant for

Dunne's wife once discussed hiring the firm in Ireland and shared information about transfers of assets from Dunne to her.

Judge Meyer cast doubt on the theory that the one-time meeting would trigger a "prospective client" disqualification rule, or that he could apply any such standard.

"To the extent that defendants seek relief against the trustee's use of AMOSS for purposes of proceedings in Ireland, my role is not to regulate the conduct of foreign counsel in foreign proceedings that are not before me," he said. "Defendants have not shown that I have some kind of free-ranging international authority to enforce the Irish rules of professional conduct against foreign counsel like AMOSS."

The case is Richard Coan, plaintiff-trustee, v. Sean Dunn et al., case 3:15-cv-00050 and consolidated adversarial proceeding 15-5019, in the U.S. District Court, District of Connecticut.

--Editing by Pamela Wilkinson and Nicole Bleier.

Next article

# Uber Gears Up For An Exit In Unfair Competition Case          Remove

## By **Bryan Koenig**

Law360 (February 1, 2019, 8:31 PM EST) - Uber Technologies Inc. has asked a judge to toss from federal court an unfair competition suit by a limousine company, saying the suit should be brought in state court because the would-be class members all hail from California.

California-based Diva Limousine Ltd.'s proposed class action shouldn't even get past the question of federal court jurisdiction, Uber said Thursday, just weeks after the limo company's Keller Lenkner LLC attorneys were **booted over an apparent conflict of interest.** The case belongs in state court because the defendants, plaintiff and most of the would-be class members are in California, Uber argued.

Diva's claim to federal court jurisdiction, according to the 33-page brief, is based on the Class Action Fairness Act of 2005. But Uber argued CAFA requires "diversity" of jurisdiction across state lines, while both the limo company and the ride-hailing giant are based in California. It's not enough, Uber said, for Diva to contend some class members are citizens of other states.

"Beyond its conclusory assertion here, Diva refers only to 'out-of-state affiliates' and provides a lone example — unidentified 'New York limousine companies,'" Uber said. "Diva, however, does not allege any facts regarding the nature of any of those entities, or where their

citizenship lies for CAFA purposes."

CAFA also contains a "home-state controversy" exception booting cases rooted primarily in a single state, Uber said. Diva's suit qualifies because more than two-thirds of the proposed classes call California home. All Diva has to the contrary, according to the brief, are vague assertions to livery providers such as unnamed New York affiliates who steer customers to the plaintiff when visiting California.

Even if every limo company qualifies, Uber argued all U.S. limousine firms outside California number 14,601, while the California class "is many times higher," because in addition to thousands of car service providers, it also includes over 200,000 drivers for Uber rival Lyft.

"A preponderance of the evidence demonstrates that the number of purported California class members far outweighs the paltry number of potential out-of-state class members, so that the home-state controversy exception to CAFA applies," Uber said. It also argued separately that California law cannot be applied to out-of-state class members.

Thursday's brief follows U.S. District Judge Edward M. Chen's Jan. 9 ruling disqualifying Keller Lenkner from pursuing the lawsuit, which accuses Uber of incorrectly classifying drivers as independent contractors to gain a competitive edge and subsidizing its services at lower costs with billions in investor funding to drive competitors out of business.

Judge Chen based his disqualification ruling on Diva's attorney Warren Postman's previous stint as a lawyer at the U.S. Chamber of Commerce Litigation Center, where he had communicated and collaborated with Uber's in-house and outside legal teams regarding separate litigation over a city ordinance in Seattle.

Chen said at the time that Postman's work with the chamber would likely have exposed him to sensitive information about Uber's business practices and legal strategies with regard to its classification of drivers as independent contractors, the key issue in the suit brought by Diva, and the bedrock of Uber's business model, challenged in the U.S. and abroad.

That decision apparently left Diva represented by Keller Lenkner's co-counsel at Robins Kaplan LLP, who announced the lawsuit alongside the booted firm in September. An attorney at Robins Kaplan could not immediately comment Friday and counsel for Uber did not respond to a press inquiry.

On Thursday, Uber also attacked Diva's case on the merits, arguing there are no allegations of "unfair" conduct required to substantiate a claim under California's Unfair Competition Law. That claim requires a violation of antitrust law or harm to competition, according to Uber, while Diva contends the defendant is able to charge lower rates by "violating labor laws."

"The Complaint openly concedes that Uber has benefited consumers with lower prices," it said. "Thus, Diva alleges its 'injury' results from more competition, not less, which is not a type of injury that can be redressed under the antitrust laws."

Diva also lacks standing under the UCL's unlawful conduct prong because there's no causal connection between Uber's actions and the plaintiff's competitive harms, according to the brief.

The problem, Uber said, is that Diva argues both that Uber has gained an unfair pricing advantage by "misclassifying drivers as independent contractors rather than as employees" to duck labor laws, and by using roughly $13 billion in cash from investors to subsidize ride services and price them below costs. Diva claims, according to Uber, that ride-hailing services are offered below costs even absent the savings gleaned from labeling drivers independent contractors.

"These allegations — though disputed by Uber — break any causal link between the alleged UCL violation and any alleged injury to putative class members. Diva's allegations on their face show that Diva would suffer the same injury (lost profits) regardless of whether or not Uber had committed a UCL violation (alleged driver misclassification)," Uber said.

In addition, Uber argued Diva cannot bring claims under the California Unfair Practices Act because the law exempts claims subject to public utility or services regulation in the state. It doesn't matter that California's Public Utilities Commission doesn't actually regulate ride-hailing prices, Uber said, it's enough that Diva says it could.

Diva is represented by Michael Geibelson, Aaron Sheanin and Tai Milder of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by Mike LaSusa and Linda Chiem. Editing by Amy Rowe.

Next article

## Uber Wins DQ Of Opposing Attys In Unfair Competition Case

Remove

By **Mike LaSusa**

Law360 (January 9, 2019, 10:45 PM EST) - A California federal judge agreed with Uber Technologies Inc. on Wednesday that a conflict of interest involving its opponents' attorneys at Keller Lenkner LLC is grounds to boot them from a case claiming the ride-hailing company misclassifies its drivers as independent contractors to gain a competitive edge.

The company suing Uber, California-based Diva Limousine Ltd., had **argued against**

**disqualifying** Keller Lenkner based on Diva attorney Warren Postman's previous stint as a lawyer at the U.S. Chamber of Commerce Litigation Center, where he had communicated and collaborated with Uber's in-house and outside legal teams regarding separate litigation over a city ordinance in Seattle. Postman was never Uber's lawyer, none of those conversations were privileged and there's simply no conflict of interest, Diva said.

But U.S. District Judge Edward M. Chen disagreed, saying it didn't matter that Uber never entered into a formal attorney-client relationship with Postman.

"Where an attorney successively represents clients with adverse interests, his disqualification is required under the California Rules of Professional Conduct if 'the subjects of the two representations are substantially related,'" Judge Chen wrote in Wednesday's order. "In short, courts have applied the regular substantial relationship test even where there was no prior attorney-client relationship. ... Thus, the court will apply the regular 'substantial relationship' test under California law here."

Chen said Postman's work with the Chamber would likely have exposed him to sensitive information about Uber's business practices and legal strategies with regard to its classification of drivers as independent contractors, the key issue in the suit brought by Diva. Because of the "substantial relationship" between that aspect of the two cases, Chen said, Postman and Keller Lenkner should be kicked off the Diva suit.

Diva had also argued that Postman's work at the Chamber couldn't be protected by attorney-client privilege because that privilege was waived when the Chamber shared information about the Seattle litigation with third parties, including Chamber members and even Uber competitor Lyft Inc.

However, Judge Chen said, "Diva's waiver argument fails because there is no indication that any of the information shared by the Chamber with third parties was confidential."

The judge pointed to declarations by Postman himself and one of his former colleagues at the Chamber, who denied sharing confidential information with outside parties.

"Needless to say, the disclosure of non-confidential and non-privileged communications does not abrogate the common interest privilege as to communications which were not shared," Judge Chen wrote.

Regarding the decision to bounce Keller Lenkner, and not just Postman, from the case, Judge Chen said the logic behind Postman's conflict of interest stemming from his work for the Chamber extends to the firm as a whole.

"The receipt of confidential information is presumed where there is a substantial relationship between two representations," the judge wrote.

Representatives for Uber and Diva did not immediately respond Wednesday to requests for comment.

Up-to-date counsel information for Diva was not immediately available late Wednesday.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by Linda Chiem. Editing by Breda Lund.


Next article


---

## Lyft Says Ex-Chamber Atty, New Firm Can't Represent Drivers

Remove

By **Andrew Strickler**

Law360 (November 19, 2018, 9:38 PM EST) - Taking a page from the litigation playbook of rival Uber Technologies Inc., Lyft petitioned a California federal court Friday to block a former U.S. Chamber of Commerce lawyer and his new firm from representing anyone with a driver employment classification case against the company.

In an aggressive move against attorney Warren Postman and Chicago-based Keller Lenkner LLC, Lyft accused them of engaging in a civil conspiracy to breach Postman's duty of confidentiality to the rideshare giant and attorney-client privilege when he jumped from the Chamber to the Keller firm this summer.

Mirroring Uber's arguments for Postman's removal from a separate litigation in the same court, Lyft pointed to Postman's recent job at the business-side lobbying group and his role there in suits brought by the Chamber in Seattle **challenging** a "for hire" driver collective bargaining ordinance. Lyft's agreement to back the Chamber in that case created a common-interest relationship that now precludes Postman from representing drivers in case against the company, Lyft told the court, as do Postman's now-broken promises of secrecy with both the Chamber and Lyft, which worked "hand-in-hand" on the Seattle strategy.

"By using and disclosing Lyft's privileged and confidential information to file driver-misclassification claims against Lyft, Postman is in clear breach of his duty of confidence," Lyft said, arguing that Postman's conflict must be imputed to the entire firm. "This outrageous breach of confidence warrants immediate relief."

Last month, Uber similarly asked a northern California federal judge to **disqualify** Postman and Keller Lenkner LLC from representing a proposed class of limo and taxi drivers in an antitrust action alleging Uber underpays its drivers and misclassifies them as independent

contractors rather than employees. That **suit,** filed by Keller Lenkner and lawyers from Robins Kaplan LLP in September, came some three months after Postman jumped to Keller from the Chamber, where he had been a senior attorney and chief counsel for an appellate litigation group.

The firm, representing Diva Limousine Ltd., said in its response that Uber was "straining" to find a conflict stemming from Postman's move in July or a privilege violation in light of the fact that Postman had not represented Uber in the Seattle matter and had no access to the kinds of privileged information at Uber that would support a disqualification.

Keller also noted that it represents a **putative class of drivers** in a case against Uber in the Third Circuit, and has separately served Uber with more than 10,000 arbitration demands on behalf of individual drivers in California in recent weeks.

"Uber knew in July that Mr. Postman had joined Keller Lenkner, but Uber has never asserted a conflict in the Third Circuit matter. So what has changed?" the firm asked in that motion. "Perhaps it is Diva's motion for partial summary judgment, which creates a risk that Uber's business model in California could be declared unlawful shortly before it plans to conduct a public offering."

Those motions in the Uber case have not been ruled on.

The Lyft filing also notes that Keller began filing "numerous" arbitration demands late last month alleging driver misclassification, with Postman running point in that effort.

After a **hard-fought battle** about driver classification and arbitration, Uber won a major victory in September at the Ninth Circuit, which deemed the company's arbitration agreements with drivers **valid and enforceable.**

In addition to the civil conspiracy claim and a declaratory judgment request, the Lyft complaint includes an aiding-and-abetting allegation against the Keller firm as well claims of breach of duty, unfair competition and breach of a non-disclosure.

Postman and Lyft counsel Rachael Meny did not respond to messages Monday. Travis Lenkner of Keller Lenkner declined to comment.

Lyft is represented by Rachael Meny, R. James Slaughter and Ian Kanig of Keker Van Nest & Peters LLP.

Counsel information for Postman and Keller Lenkner wasn't immediately clear.

The case is Lyft Inc. v. Warren Postman and Keller Lenkner LLC, case number 3:18-cv-06978, in the U.S. District Court, Northern District of California.

--Additional reporting by John Petrick, Linda Chiem and Dave Simpson. Editing by Emily Kokoll.

## Limo Co. Says Atty Not Conflicted, Slams Uber DQ Bid

Remove

By **Linda Chiem**

Law360 (November 1, 2018, 6:10 PM EDT) - A California limousine company suing Uber for misclassifying its drivers as independent contractors to gain a competitive edge told a federal court Wednesday that there's no cause for disqualifying its attorneys at Keller Lenkner LLC for previously collaborating with Uber — but not actually representing Uber — in other matters.

Diva Limousine Ltd. fired back at Uber Technologies Inc.'s recent **motion to oust Keller Lenkner** based on its attorney Warren Postman's previous stint as a senior attorney and then chief counsel for appellate litigation at the U.S. Chamber of Commerce's Litigation Center. While with the Chamber, Postman had communicated and collaborated with Uber's in-house and outside legal teams in separate litigation involving federal preemption and antitrust issues as well as other business regulatory topics that have no bearing on the misclassification claims in this dispute, according to Diva's opposition brief.

Postman was never Uber's lawyer, none of those conversations were privileged and there's simply no conflict of interest, so Uber's disqualification bid must be rejected, Diva said.

"Straining to show impropriety, Uber suggests that a duty of confidentiality attaches to communications like an email describing Dynamex Operations West Inc. v. Superior Court, that Mr. Postman sent to 17 lawyers who served on a Litigation Center advisory committee," Diva said, referring to the California Supreme Court's April **decision** establishing a **more rigid standard** for distinguishing between independent contractors and employees in the Golden State.

"But when Mr. Postman emailed his thoughts about a publicly available judicial opinion to representatives from Uber, Lyft, Pizza Hut, Coca-Cola, Caterpillar, and lawyers from nine different law firms, that was a non-privileged exchange of ideas among generally aligned businesspeople and legal professionals," Diva said.

Diva also defended the scope of Postman's previous collaboration with Uber lawyers on the Chamber's **challenge** to a Seattle **ordinance** letting app-based, ride-hailing drivers bargain collectively as being preempted under federal antitrust and labor law. The Seattle case, which was recently **revived** by the Ninth Circuit, doesn't present similar facts nor does it involve similar legal arguments to Diva's instant case, the limo company said.

"No party argued that Uber's drivers were employees, much less employees under California law, much less employees under Dynamex, which had not yet been decided," Diva said. "Mr. Postman also worked on several amicus briefs in appeals involving Uber. Every appeal and

every amicus brief dealt exclusively with the enforceability of Uber's arbitration clause. None of the appeals concerned whether Uber's drivers are its employees."

Furthermore, both Postman and Keller Lenkner retained and consulted with legal ethics attorneys before Postman joined the firm in June and before the firm dove into misclassification litigation against Uber, notably as lead appellate counsel in an ongoing Third Circuit case called Razak v. Uber involving Philadelphia-based drivers for Uber's higher-end UberBlack service **seeking employee status**.

Their legal ethics experts independently advised that Postman's work at the Chamber's Litigation Center did not establish an attorney-client relationship with Uber, and that to the extent any confidential information shared in connection with the Seattle litigation was subject to the common-interest doctrine, there would only be a potential problem if the Seattle litigation was "substantially related" to the question of whether Uber drivers were misclassified, but it wasn't, according to Diva.

"Uber's conduct suggests that it seeks to disqualify Keller Lenkner for strategic gain rather than out of a genuine concern about unfair advantage," Diva said. "Courts routinely deny otherwise meritorious disqualification motions when the moving party failed to raise the same conflict in an earlier, similar case involving the same allegedly conflicted firm."

Uber has never challenged Keller Lenkner's role nor tried to get it disqualified from the Third Circuit case, yet it's now trying to get the firm booted from this case, according to Diva.

"If a litigant confronts an allegedly conflicted lawyer in one case and fails to raise the conflict there, the conflict is waived and the litigant cannot raise the conflict as grounds for disqualification in a later, similar case involving the same lawyer," Diva's filing said.

"Uber has never been a shy litigant. Its failure to seek disqualification in Razak can only mean that Uber was not particularly concerned in July and August that Keller Lenkner had an unfair advantage in litigating misclassification issues," Diva argued.

The duel over the disqualification motion comes shortly after Diva **moved for partial summary judgment** in early October in its proposed class action alleging the ride-hailing giant has unfairly stolen business from traditional taxicab companies by lowballing its drivers' wages and unfairly steering clear of the required costs of doing business.

Diva's motion sought a quick win on the single issue of whether Uber drivers are employees for the purposes of California's Wage Order No. 9, which requires employers to provide transportation workers with paid rest and meal breaks.

The California Supreme Court in Dynamex adopted a three-prong test known as the ABC standard that presumes all workers are employees unless a business can show the worker is free from its supervision, performs work that is outside the usual course or place of business, and works "in an independently established trade, occupation or business of the same nature" as the work they do for the entity that is hiring them.

Each of those elements — A, B and C — must be met for an independent contractor classification to hold up for purposes of wage orders. Diva has argued in its motion that Uber

won't clear the B prong.

Diva first **launched suit** in September claiming Uber's misclassification of drivers has generated massive cost savings that provide the ride-hailing giant with an unlawful competitive advantage that would allow it to price existing transportation providers out of the market.

As a business competitor leveling accusations of misclassification against Uber, Diva is seeking to sidestep the fate of other misclassification lawsuits launched by Uber drivers that have largely been dismantled because of Uber's arbitration agreements with its drivers.

Counsel for Diva were not immediately available for comment. Representatives for Uber have declined to comment on the litigation.

Diva Limousine and the proposed class are represented by Ashley Keller, Travis Lenkner, Seth Meyer, Tom Kayes and Warren Postman of Keller Lenkner LLC, and Michael A. Geibelson, Aaron M. Sheanin and Tai S. Milder of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by Dave Simpson and John Petric. Editing by Jack Karp.

Next article

# Uber Says Limo Co.'s Counsel Is Conflicted, Wants DQ          Remove

## By **Dave Simpson**

Law360 (October 25, 2018, 8:14 PM EDT) - Uber Technologies Inc. on Wednesday asked a California federal court to disqualify Keller Lenkner LLC from representing a proposed class accusing the ride-hailing company of unfairly stealing business from traditional taxi companies, saying one of the firm's attorneys previously worked closely with Uber.

Uber said that before Warren Postman represented Diva Limousine Ltd. in the suit in question, he was a senior attorney for the Litigation Center of the U.S. Chamber of Commerce, where he worked with Uber's in-house and outside legal teams.

"In hundreds of emails, regularly scheduled teleconferences and face-to-face meetings, Uber

shared legal analysis and litigation strategy — core attorney work product — with Mr. Postman and the Chamber, including on the driver classification issue," Uber said.

The limo company **filed its suit in September** claiming the ride-hailing service has unfairly stolen business from traditional cab companies by lowballing its drivers' wages and unfairly steering clear of the required costs of doing business.

Uber misclassifies its drivers as independent contractors when they should be paid as employees under California law, with all the financial responsibilities that come with that job classification, Diva says in its suit.

But Uber on Wednesday said Postman represented the Chamber in a case brought with Uber as co-plaintiff. That litigation was "substantially related" to the subject matter in the current case as it dealt with classification of drivers as independent contractors. The parties signed an agreement classifying their conversations as private, Uber said.

"Mr. Postman's own bio on the Keller Lenkner website highlights the ethical trap, as it touts the 'unique insight' he gained by '[w]orking closely with senior in-house lawyers at some of the world's largest companies,' while at the Chamber," Uber said in Wednesday's filing.

Uber said Postman joined the newly formed firm after leaving the Chamber about four months ago and soon thereafter filed the suit against Uber. Uber says it contacted the firm, asking it to withdraw.

"Keller Lenkner has disclaimed any knowledge of a common interest agreement between Uber and the Chamber, inaccurately comparing Mr. Postman's interactions with Uber to those of casual discussions between attorneys and Chamber lawyers at Chamber events," Uber said.

The suit alleges that Uber has been able to unfairly hurt competitors in pricing rides below cost by evading such employee-required expenses as a minimum wage — $11 per hour for large employers throughout the state and, in some cases, $13 per hour or more in most large California cities — time and a half for overtime, a 6.2 percent employer Social Security tax, a 1.45 percent employer Medicare tax and unemployment insurance contributions.

The suit asks the court to stop those business practices and seeks damages and treble damages under the California Unfair Practices Act and the California Unfair Competition Law.

The suit contends that because drivers are integral to the Uber's business, they must be deemed employees and not independent contractors.

"Each day that Uber misclassifies its primary workforce, it steals wages from drivers earning below a living wage and gains millions of dollars in unlawful cost savings," the suit says. "Uber uses these savings to price its services far below their cost. California prohibits this form of unfair competition."

Keller Lenkner Managing Partner Travis Lenkner told Law360 in an email that Uber's motion is "wrong on the facts and wrong on the law."

"All of the lawyers at our firm, including Warren, take our ethical obligations very seriously,"

he said. "This is nothing more than an Uber-concocted sideshow to distract from its misclassification of its drivers and the liability it faces in this litigation. We look forward to submitting our opposition papers next week."

Diva Limousine is represented by Ashley Keller, Seth Meyer, Tom Kayes and Warren Postman of Keller Lenkner LLC and Michael A. Geibelson, Aaron M. Sheanin and Tai S. Milder of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by John Petrick. Editing by Stephen Berg.

*Update: This story has been updated to include comment from Keller Lenkner.*

Next article

# Limo Co. Says Uber Drivers Are Employees Under Dynamex

Remove

By **Linda Chiem**

Law360 (October 9, 2018, 2:51 PM EDT) - A California limousine company told a federal court Friday that the state's newly adopted Dynamex standard for distinguishing between independent contractors and employees will show that Uber Technologies Inc. has misclassified its drivers to get a competitive edge over traditional taxicabs and limousine companies.

Diva Limousine Ltd. filed a motion for partial summary judgment in its proposed class action alleging the ride-hailing giant has unfairly stolen business from traditional taxicab companies by lowballing its drivers' wages and unfairly steering clear of the required costs of doing business. Diva's motion seeks a quick win on the issue of whether Uber drivers are employees for the purposes of California's Wage Order 9, which requires employers to provide transportation workers with paid rest and meal breaks.

"This court can decide that issue and substantially streamline this case by answering one question: Is providing rides an integral part of Uber's business? If the answer is yes, Uber drivers are Uber's employees," Diva said. "Courts in this district and elsewhere have already

answered this question in the affirmative. Because no genuine dispute of material fact exists, the court should grant partial summary judgment on the issue of misclassification."

The California Supreme Court's April decision in Dynamex Operations West v. Superior Court of Los Angeles adopted a three-prong test known as the ABC standard that presumes all workers are employees unless a business can show the worker is free from its supervision, performs work outside the usual course or place of business and works "in an independently established trade, occupation or business of the same nature" as the work they do for the entity that is hiring them.

Each of those elements — A, B and C — must be met for an independent contractor classification to hold up for purposes of wage orders. Diva argued that Uber won't clear the B prong.

Since its inception, Uber was formed to sell rides, and to this day its core business is still selling rides — as demonstrated by it having to operate under a number of transportation company permits or licenses in various states and cities — and the company wholly depends on drivers to execute its core business, according to Diva.

"Wage Order 9 applies to Uber's drivers. And, according to the wage order, the drivers are Uber's employees unless Uber can prove that the drivers' work is merely incidental to Uber's business," Diva said. "That is not going to happen. Uber sells rides and each ride needs a driver. Uber itself agrees, admitting that the company 'wouldn't exist' without its drivers."

Diva further slammed Uber's steadfast attempts to cast itself as a technology company that developed an app through which it merely acts as a "broker" of transportation services.

"This argument is both factually incorrect and legally irrelevant," Diva said.

Diva **launched the suit** in September claiming Uber's misclassification of drivers has generated massive cost savings that provide the ride-hailing giant with an unlawful competitive advantage that would allow it to price existing transportation providers out of the market.

As a business competitor leveling worker misclassification accusations against Uber, Diva is seeking to sidestep the fate of other misclassification lawsuits launched by Uber drivers that have largely **been dismantled** because of Uber's arbitration agreements with its drivers.

Diva Limousine's attorney Ashley Keller of Keller Lenkner LLC told Law360 on Tuesday they're confident that Dynamex supports their case.

"It's a very important issue, and we do agree that if we are granted partial summary judgment that Uber is misclassifying drivers, then that's going to work substantial change in the way they do things," Keller said. "The reason we moved for partial summary judgment instead of across the board is we recognize there are going to be issues that Uber could raise on the injury that Diva Limousine and similarly situated entities have suffered, but in the wake of Dynamex it is crystal-clear that Uber is misclassifying drivers."

An Uber spokesperson declined to comment Tuesday.

Diva Limousine is represented by Ashley Keller, Seth Meyer, Tom Kayes and Warren Postman of Keller Lenkner LLC and Michael A. Geibelson, Aaron M. Sheanin and Tai S. Milder of Robins Kaplan LLP.

Uber is represented by Kent M. Roger, Brian C. Rocca, Sujal J. Shah and Minna Lo Naranjo of Morgan Lewis & Bockius LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Additional reporting by John Petrick. Editing by Alanna Weissman.

Next article

## Limo Co. Accuses Uber Of Unfair Prices, Underpaying Drivers

Remove

By **John Petrick**

Law360 (September 11, 2018, 3:50 PM EDT) - A limousine company has filed a proposed class action against Uber Technologies Inc. in California federal court alleging that the ride-sharing service has unfairly stolen business from traditional cab companies by low-balling its drivers' wages and unfairly steering clear of the required costs of doing business.

Uber misclassifies its drivers as "independent contractors" when they should be paid as "employees" under California law, with all the financial responsibilities that come with that job classification, Diva's Limousine Ltd. alleged in its suit filed Monday

"Predatory pricing strategies have been a feature, not a bug, of Uber's business model," the complaint states.

"Uber's unlawful competition has allowed it to gain substantial market share with astonishing speed in the for-hire transportation industry in California and caused losses of money and property to plaintiff and other members of the classes."

Uber has been able to unfairly hurt competitors in pricing rides below cost, the suit states, by evading such employee-required expenses as a minimum wage — $11.00 per hour for large employers throughout the state, and in some cases, $13.00 per hour or more in most large cities — time-and-a-half for overtime; a 6.2 percent employer Social Security tax; a 1.45 percent employer Medicare tax; and unemployment insurance contributions.

The suit asks the court to put a stop to Uber's illegal business practices, seeks damages and treble damages under the California Unfair Practices Act and the state's Unfair Competition Law.

The suit contends that because drivers are integral to plaintiff's business, they must be deemed "employees" and not "independent contractors."

"Each day that Uber misclassifies its primary workforce, it steals wages from drivers earning below a living wage and gains millions of dollars in unlawful cost savings," the suit states. "Uber uses these savings to price its services far below their cost. California prohibits this form of unfair competition."

Warren D. Postman of Keller Lenkner LLC, an attorney for the plaintiffs, said Uber needs to start playing by the rules.

 "Uber continues to misclassify its drivers as independent contractors when California law clearly requires that they be given the wage protections owed to employees," he said. "Uber then uses these illegal cost savings to support a larger strategy of pricing its rides far below their cost in order to take market share from competitors who pay the costs of complying with the law. This sort of unfair competition is illegal under California law and gives competitors a right to an injunction stopping these practices as well as damages."

Counsel for Uber could not be immediately determined Tuesday. A representative of Uber could not be reached for comment.

Diva Limousine and the proposed class are represented by Ashley Keller, Warren Postman and Seth Meyer of Keller Lenkner LLC and Michael A. Geibelson, Aaron M. Sheanin and Tai S. Milder of Robins Kaplan LLP.

The case is Diva Limousine Ltd. v. Uber Technologies Inc. et al., case number 3:18-cv-05546, in the U.S. District Court for the Northern District of California.

--Editing by Joe Phalon.

*Update: This story has been updated to include comment from the plaintiff's counsel.*

*Correction: An earlier version of this story misspelled an attorney's name. The error has been corrected.*

All Content © 2003-2019, Portfolio Media, Inc.