# Morgan Lewis

**Brian C. Rocca**
Partner
+1.415.442.1432
brian.rocca@morganlewis.com

October 11, 2019

Hon. Edward M. Chen
U.S. District Judge
San Francisco Courthouse, Courtroom 5 - 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 3:18-cv-05546-EMC (N.D. Cal.)

Dear Your Honor:

My firm represents Defendants in the above-referenced matter. This morning we received approval to lodge this letter to request clarification of the Court's sua sponte order dated October 7 (ECF 140). Opposing counsel, copied here, has no objection to our submission of this letter.

The Court's Order requests information about the scope of publicity and about any information shared with the public and putative class members about the case before it approves the Notice of Voluntary Dismissal. ECF 140 (emphasis added). To clarify, the Notice of Voluntary Dismissal was not filed by the parties, but, rather, by Plaintiff, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which provides that a notice of dismissal filed by the plaintiff "before the opposing party serves either an answer or a motion for summary judgment," is effective without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Defendants have neither answered nor filed a motion for summary judgment, nor has a class been certified.

**Notice of Dismissal Under Rule 41(a)(1)(A)(i)**. Once a plaintiff files a notice of dismissal in these circumstances, the district court is without jurisdiction to impose conditions on the dismissal. *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("We now make explicit what our cases have indicated before, that once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal.") In the context of a putative class action:

> Generally, it is beyond debate that a dismissal under 41(a)(1) is effective on filing, no court order is required, and the parties are left as though no action had been brought. A Rule 41(a)(1) dismissal, once filed, automatically terminates the action, and thus federal jurisdiction, without judicial involvement, and the district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. Put another way, with the filing of a Rule 41(a) notice, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them, aside from orders pertaining to a limited number of collateral issues such as contempt charges, costs, attorneys' fees, and sanctions.

*Jou v. Kimberly-Clark Corporation*, No. 13-CV-03075-JSC, 2015 WL 4537533, at *2 (N.D. Cal., July 27, 2015) (internal quotations, citations and brackets omitted).

Morgan, Lewis & Bockius LLP

One Market
Spear Street Tower
San Francisco, CA 94105-1596       +1.415.442.1000
United States                      +1.415.442.1001

**Rule 23(e)**. The automatic dismissal procedure under Rule 41(a)(1)(A) is subject only to Rule 23(e) (and no other subpart of Rule 23). In light of the 2003 amendments, however, Rule 23(e), is inapplicable in the absence of a "certified class." The 2003 amendments provide that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues or defenses of a *certified* class." (emphasis added). The rule was further amended in 2007 to provide that "[t]he claims, issues or defenses of a *certified* class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

Thus, by its plain language, the post-2003 Rule 23(e) only applies to a certified class or proposed settlement class, neither of which exists here. As the 2003 Advisory Committee Notes point out, then-Rule 23(e)(1)(A) was amended to resolve "the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of a 'class action.'" Fed. Rule Civ. Proc. 23, Advisory Comm. Notes, 2003 Amendments, Subdivision (e).

*Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 217 F.R.D. 469, 470 (N.D. Iowa 2003) and *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), which the Court cites, predate the 2003 amendments, and are inapplicable here.

The *Schultzen* order (and, thus, the authority it cites), was issued in September 2003 before the Rule 23 amendments became effective on December 1, 2003 and also prior to the 2007 amendment. *See* Fed. R. Civ. P. 23 (indicating 2003 amendments were "effective December 1, 2003"). Subsequent to *Schultzen*, the Eighth Circuit has limited Federal Rule 23(e) to the "certified class" context. *White v. National Football League*, 756 F.3d 585, 591 (8th Cir. 2014) ("We do not believe Rule 23(e) applies, however, because we do not believe that the claims settled in the Dismissal were the claims 'of a certified class.'") (citing Fed. R. Civ. P. 23(e)). Secondary sources are in accord. *See, e.g.*, *Settlement, Voluntary Dismissal or Compromise of Class Actions-Purpose and Scope of Rule 23(e)*, 7B Fed. Prac. & Proc. Civ. § 1797 (3d ed.) ("Whatever the justification for those [class] protections, the 2003 amendments make clear that Rule 23(e) only applies to the 'claims, issues, or defenses of a certified class.' Thus, settlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e).").

*Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989) also predates the 2003 amendments to Rule 23(e). Moreover, a court in this District specifically distinguished the circumstances in *Diaz* from dismissals under 41(a)(1)(A). In *Jou*, the Court noted that *Diaz* did not involve a notice of voluntary dismissal under Rule 41(a)(1)(A)—rather, "there was still a live case or controversy over which the court had jurisdiction at the time the motion to intervene was filed." 2015 WL 4537533, at *5. And *Jou* further notes that any alleged prejudice stemming from the lack of class notice was premised on pre-amendment Rule 23, which no longer applied. *Id*. ("Here, there is no such prejudice as Rule 23(e) has been amended to clarify that no notice to the putative class is required.") (citing Fed. R. Civ. P. 23(e) (2003)).

Based on the foregoing, Defendants respectfully request that the Court clarify or vacate its October 7, 2019 Order in advance of the directed October 15, 2019 response date. ECF 140. We appreciate the opportunity to raise these issues by letter.

Respectfully submitted,

Brian C. Rocca

Cc:   Michael A. Geibelson (MGeibelson@RobinsKaplan.com), Counsel for Plaintiff
      Aaron M. Sheanin (ASheanin@RobinsKaplan.com) Counsel for Plaintiff