UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVA LIMOUSINE, LTD., <br> Plaintiff, <br> v. <br> UBER TECHNOLOGIES, INC., et al., <br> Defendants. | Case No. 18-cv-05546-EMC <br><br> **ORDER GRANTING PLAINTIFF'S NOTICE OF DISMISSAL** <br><br> Docket No. 139 |

On October 7, 2019, Plaintiff Diva Limousine, Ltd. filed a Notice of Voluntarily Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* Docket No. 139. That Notice included dismissal of all individual claims with prejudice and dismissal of all class claims without prejudice, with each side to bear its own fees and costs. *Id.* That same day, the Court issued an Order Requesting Information from the Parties. *See* Docket No. 140. Specifically, the Court requested that the parties provide information "about the scope and nature of the publicity associated with this putative class action," so that the Court might appropriately safeguard the interests of absent plaintiffs. *Id.*

Shortly thereafter, counsel for Defendants lodged a letter with the Court challenging the Court's jurisdiction to issue such an order. *See* Docket No. 143. Counsel stated that the Notice of Voluntary Dismissal had been filed by Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), which permits voluntary dismissal by the plaintiff without a court order "before the opposing party servers either an answer or a motion for summary judgment." Fed. R. Civ. P. 41. However, Rule 41(a)(1)(A) also states that it is "subject to Rule[] 23(e)." *Id.* Rule 23(e), in turn, states that the "claims . . . of a certified class . . . may be . . . voluntarily dismissed . . . only with the court's approval." Fed. R. Civ. P 23(e). Counsel relies on this language to conclude that—

because Defendant never filed an answer and because the proposed class was never certified—court approval is not required for Plaintiff's voluntary dismissal.

As noted in the Court's previous order, the Ninth Circuit has held that Rule 23(e) is applicable to precertification class actions. *Diaz v. Trust Territory of Pac. Islands*, 876, F.2d 1401, 1408 (9th Cir. 1989). Counsel is correct in noting that *Diaz* predates the 2003 and 2007 amendments to the Federal Rules of Civil Procedure. However, courts in the Northern District have continued to apply *Diaz* to cases such as this one. More specifically, courts have noted "some uncertainty about whether Rule 23(e) still applies to pre-certification settlement proposals but have generally assumed that it *does* [apply]." *Lyons v. Bank of Am.*, NA, No. C 11-1232 CW, 2012 WL 5940846, at *1 (N.D. Cal. Nov. 27, 2012) (emphasis added); *see also Tombline v. Wells Fargo Bank*, N.A., No. 13-CV-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (noting that "this Court will follow *Diaz*" to evaluate the proposed dismissal as "this approach is consistent with Rule 23(e) as it exists today"); *Mahan v. Trex Co., Inc.*, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (noting that "even where the procedures of Rule 23(e) do not apply automatically," court approval of class settlements and dismissals is still required to determine if there is evidence of collusion or prejudice (citations omitted)). Pre-certification review is appropriate because it affords a safeguard against any significant reliance interest of putative class members who received notice of the action but not its dismissal, and are thus unaware of, *e.g.*, statute of limitation issues consequential to dismissal. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). It also safeguards against any potential abuse of the class action process.

Following the general practice of this district, the Court finds that it does have jurisdiction to inquire into the publicity associated with this putative class action, and that doing so is appropriate. As a result, it turns to the responses provided by the parties. *See* Docket Nos. 141, 142. The response provided by Plaintiff's counsel notes that publicity associated with the case "has principally appeared in legal press" and that The Daily Journal has "referenced this case only three times." Docket No. 141 at 2. It further observes that coverage in the popular press has been "modest" and "principally concerned . . . [with] the filing of the complaint and the disqualification of the Keller Lenkner firm." *Id.* With respect to information shared with putative class members,

2

the letter alleges that "counsel has communicated with less than a half dozen putative class representatives/class members" and "no information about the case has been shared with the public or putative class members other than the information, whether verbatim or in summary, that appears as a matter of record in this action, and strategic matters covered by the work product doctrine concerning the suitability of certain individual and types of entities to serve as class representatives." *Id.* at 2–3.

Accordingly, the Court **GRANTS** Plaintiff's Notice of Voluntary Dismissal.

This order disposes of Docket No. 139. The Clerk is instructed to enter Judgment and close the file.

**IT IS SO ORDERED**.

Dated: October 23, 2019

_____
EDWARD M. CHEN
United States District Judge